GEORGE H. LESTER *et al.*, administrators, plaintiffs in error, *vs.* JAMES D. MATHEWS, defendant in error.

1. Where, by inadvertence or mistake, a judgment or decree rendered by consent, does not speak the true intention of the parties thereto, equity will grant relief and reform it.
2. Any person who took a substantial interest under such decree may bring the bill to review and reform it, though he may not have been an actual, technical, party thereto; and relief will be granted against the custodians of the fund out of which such person was to be paid, though they were administrators of the estate, and hence not actual parties to the consent decree which was rendered on an issue of *devisavit vel non ;* and equity, disliking circuity of actions, and never doing things by halves, will grant full relief to the complainant against such custodians of the fund, under the bill to rectify the first decree, and the bill is properly brought in the county where the first decree was rendered, and where the administrators reside.
3. All the parties to the first judgment or decree must be made parties to the bill to reform it.

Equity. Decrees. Jurisdiction. Parties. Before Judge POTTLE. Oglethorpe Superior Court. October Adjourned Term, 1876.

Reported in the opinion.

ALEX. S. ERWIN; L. & H. COBB, for plaintiffs in error.

JNO. C. REED; SAM. LUMPKIN, for defendant.

JACKSON, Judge.

This is a bill filed to reform a decree, and for relief against the administrators of an estate. The case was here before on a suit at common law, and we then held that Oglethorpe superior court had no jurisdiction of the case, for reasons then given. See 56 *Ga.*, 655.

The defendant in error, Mathews, then brought his bill on the chancery side of the court. Lester, Hunnicutt and others, defendants, demurred; the demurrer was over-ruled, and the question is, was the demurrer properly overruled?

The bill alleges that on an issue of *devisavit vel non*, in Oglethorpe superior court, a consent decree was rendered wherein the parties intended that certain fees should be paid to Mathews, complainant, as expenses of administration, by the administrators, under a contract with certain of the heirs, but that, by mistake, the decree did not speak the intention of the parties; and the prayer was that it be so reformed as to speak what was intended; and that the administrators be directed and adjudged to pay the fees, according to the decree when so reformed and corrected. The heirs at law lived in counties other than Oglethorpe, and it is contended that as the suit is virtually against them, resting on their contract, that they should be sued in the counties of their residence.

1. 2. But we think it well settled in the constitution and laws, that equity cases may be brought in any county where any defendant resides, against whom substantial relief is prayed. Substantial relief is prayed against these administrators. They hold the fund out of which, by the decree, if reformed, the complainant is to be paid, and complainant is not bound to go upon the heirs, when by the decree the administrators were to pay him out of a fund in their possession.

Lester *et al.*, adm'rs, *vs.* Mathews.

Besides, this bill is in the nature of a bill of review, and should be brought in the court where rendered, and that court is Oglethorpe superior court.

But it is said that Mathews was not a party to the decree or verdict, on the issue of *devisavit vel non*, and cannot, therefore, bring this bill, and that these administrators were not parties to that issue, and hence that they cannot be sued in the bill to reform the decree.

In respect to the first objection, we are of the opinion that Mathews, having been of counsel on that issue, and having taken a substantial benefit under the decree, to-wit: the payment of large fees to him, may bring the bill, and, upon a proper case and adequate proof, may have the decree reformed.

. And in respect to the administrators, we think that as they are the custodians of the fund, and the parties who, by the decree, are required to pay Mathews, that they, too, are proper parties.

The only serious question is this: Will equity reform a judgment and decree where all the actual parties to the former decree must be made parties to the reviewing bill, and at the same time, and in the same bill, grant relief against those who were not actual parties to the first decree, but who were substantially parties—being those who held the fund, and were to pay it out by the decree? Equity abhors circuity of actions; does not do things by halves; but getting jurisdiction for one purpose, will go on and grant full relief. Upon this broad and sensible principle—as old, we believe, as English equity itself—we plant our judgment on this question, and hold that the relief prayed for will be granted in the same bill which reforms the decree.

3. We shall, therefore, affirm the judgment overruling the demurrer and refusing to dismiss the bill; but we direct that all the actual parties to the first proceeding on the issue of *devisavit vel non*, be made parties to this bill, if not already made parties, and that the case proceed.

In the common law case, the parties necessary to an adju-

dication were not before the court, and could not well, on a suit merely to recover the money, be brought before the court. The relief sought is equitable—purely so, we may say—and the bill, we think, properly brought. See *Radcliffe & Lamb vs. Varner & Ellington*, 56 *Ga.*, 222.

Judgment affirmed.