LAMB and others *v.* SAN PEDRO & CANON DEL AGUA CO.

Filed January 30, 1886.

CORPORATE MORTGAGE—BONDHOLDERS—PLEADING.

A bill by bondholders alleging conspiracy between the president of the debtor and others with the trustees under the mortgage to deprive them of their rights by the collusive foreclosure of junior liens is not demurrable because it fails to show that plaintiffs first tried, in vain, to have the trustees act for them.

Error to district court, Santa Fe county.

*Fiske & Warren,* for plaintiffs in error.

*Catron, Thornton & Clancy, Geo. Cuyler Preston, H. L. Waldo,* and *Wm. Breeden,* for defendants in error.

HENDERSON, J. Complainants Orsamus Lamb, Joseph W. Jackson, and Frank Maduro bring this bill in their own behalf, and all other holders of certain bonds set out in the bill, against the San Pedro & Canon del Agua Company, Charles W. Pierce, and Louis Downing, trustees; William B. Childers, trustee; E. R. Chapman, William T. Thornton, George William Ballou, George W. Morse, L. Percival Gillies, William C. Gardiner, and Foster T. Dennis. The court below sustained a demurrer to the bill, and complainants electing to stand upon it, the cause was dismissed, and from the order sustaining the demurrer and dismissing the bill this appeal is prosecuted.

The only question, therefore, before us is the sufficiency of the bill. It is very lengthy, and need not be set out in full. The pertinent and essential features of the complaint may be stated as follows: The San Pedro & Canon del Agua Company is a Connecticut corporation, duly organized according to the laws of that state, and authorized to purchase, hold, and convey real estate, and especially mines and mining property of every kind; that this corporation was duly authorized and empowered, according to the laws of the territory of New Mexico, to do business in it; and that prior to the sixth day of April, 1880, the said San Pedro & Canon del Agua Company was the owner of a large mining property, embracing two patented grants lying in Santa Fe and Bernalillo counties, containing in all over 3,000 acres, valuable mainly for the mines located thereon. They allege that this company, on the sixth day of April, 1880, executed and delivered to the defendants Charles W. Pierce and Louis Downing a mortgage deed, which was thereafter duly recorded in this territory, for the purpose of securing the bonds therein mentioned in the sum of $1,000,000 covering the entire property of the company, except a one forty-eighth part thereof; which undivided one forty-eighth part was conveyed in like manner, and for the uses and upon the trusts, mentioned in the first mortgage of April 6, 1880. They allege that these mortgages constitute as to the whole of said property a prior and paramount lien. They further say that it was the object of the said company in executing the said bond and mortgage of April 6, 1880, to raise money with which to develop the mines mentioned; and that, in order to successfully operate said mines, it was necessary to have

an ample and permanent supply of water; and that the said company did, on the twenty-first day of April, 1880, enter into a contract with one Solon L. Wiley for the purpose of constructing a system of water-works or pipe-line from a point in Bernalillo county to the property of the company in Santa Fe county; that this line was so far constructed that it was used to some extent by the company in connection with the mining property. They allege that this pipe-line was a part of the company's property, and covered by the lien of the mortgage. The mortgage was attached as an exhibit and made a. part of the bill.

The defendant company had repeatedly defaulted in the payment. of interest due on the bonds, nor had complainants ever been furnished with a proper statement of the affairs of the corporation, or permitted to inspect its books; that the defendant George William Ballou had been the president of the company nearly all the time, and had kept the books and papers of the company in his office in New York. The mortgage permitted the trustees Pierce and Downing, upon default in the payment of interest as stipulated in the mortgage, at their discretion, to institute proceedings to foreclose.. It further provided that upon default, and the written request of a. majority of the holders of the bonds, they were compelled to institute such legal proceedings. The bonds were in the sum of $1,000 each, and 1,000 in all. They allege that they are together the owners of 21, for which they paid value, and received them on the seventh day of April, 1880. The bill contains a more specific detailed statement. of the manner in which the alleged frauds were committed, in the following language:

"Your orators, further complaining, show unto your honor that after the execution of said mortgage, and the issue of said bonds to your orators and other holders thereof, the said defendants George William Ballou, Charles. W. Pierce, and Louis Downing, trustees as aforesaid, combined and confederated together, and with the said defendants William B. Childers, L. Percival Gillies, William C. Gardiner, Forster T. Dennis, E. R. Chapman, William T. Thornton, and George W. Morse, and other persons whose names are at present unknown to your orators, but who, when known to your orators, they pray may be made defendants to this bill, with apt and proper words to charge them in this behalf, for the purpose and with the intention of defrauding your orators, and the other holders of said bonds, secured by said mortgage; and that in pursuance of said fraudulent purpose and intent on, to-wit, the eighth day of July, A. D. 1884, a certain judgment was recovered and entered in the district court of the First judicial district of the territory of New Mexico, in and for the county of Santa Fe, in favor of said George William Ballou, against the said defendant the San Pedro & Canon del Agua Company, for a large sum of money, to-wit, the sum of about $225,000, as by reference to the records of said court will more fully appear, and to which your orators beg leave to refer for a more full and detailed statement in reference thereto; and your orators are informed and believe, and so charge the fact to be, that no defense was made by said defendant company, or the officers thereof, and said judgment was obtained and entered by fraud and collusion between said defendant Ballou and the officers and agents of said company, in pursuance of said fraudulent conspiracy and combination afore-

said; and that in truth and in fact there was not, at the time of the rendition of said judgment, any moneys justly or legally due or owing from the said company to the said Ballou, or, if any money was so due, the amount of said judgment was greatly excessive, which said judgment now remains unsatisfied and in force in said district court.

"Your orators further state and charge that, in further pursuance and execution of said fraudulent confederation and conspiracy aforesaid, and without the knowledge or consent of your orators, or the other holders of said bonds, on, to-wit, the fourteenth day of July, 1882, the said defendant company executed a mortgage to one William B. Childers, of Bernalillo county, N. M., to secure the payment of a sum of money therein mentioned to divers parties therein named, which said mortgage purported to convey, incumber, and mortgage the said system of water-works hereinbefore mentioned, including the said reservoirs and pipe-line, as in and by said mortgage, which appears of record in the office of county recorder of Santa Fe county, in book C of mortgages, page 579, a copy whereof is herewith filed, marked 'Exhibit D,' and which is prayed to be taken and considered as a part of this bill.

"Your orators are informed and believe that the said last-mentioned mortgage, after the execution thereof, was assigned to one E. R. Chapman; and your orators charge the fact to be that at the time of the execution of said mortgage, and since, there was not, and is not, in fact, any indebtedness due and owing by said defendant company to said mortgagees, or either or any of them; but that if any money whatever was due and owing from said company thereunder, it was so due and owing to the defendant George William Ballou; and that the amount thereof, if any, did not in fact exceed the sum of twenty thousand dollars; and that the said mortgage was executed, devised, and contrived in pursuance of said fraudulent confederation and intent before mentioned, for the purpose of defrauding your orators and other holders of said bonds secured by said mortgage, of which Exhibit A is a copy.

"Your orators further state and charge that the said last-mentioned mortgage so executed to the said Childers, Gillies, Gardiner, and Dennis was legally and equitably junior and subject to the said mortgage so executed to the said Pierce and Downing, as trustees; and that the said last-named mortgage was and is, in law and equity, a prior and paramount lien in favor of your orators, and other holders of said bonds secured thereby, upon all of said property of said defendant corporation hereinbefore mentioned, including the said system of water-works, reservoirs, and pipe-line, tools, implements, machinery, erections, and appurtenances before mentioned, as well as upon said other property of said company.

"Your orators further state and charge that, in further pursuance and execution of said fraudulent conspiracy and confederation before mentioned, the said defendants Charles W. Pierce and Louis Downing, trustees in said first and prior mortgage before mentioned, without the knowledge or consent of your orators or the other holders of said bonds secured thereby, wrongfully and unlawfully signed, executed, and endorsed upon said mortgage to the said Childers, Gillies, Gardiner, and Dennis, before mentioned, a certain writing, in the words and figures as follows, to-wit:

" 'We, as trustees of the loan securing the payment of the bonds of the San Pedro & Canon del Agua Company, consent to the above lien upon the pipe-line so far as we may lawfully use any discretion or rights that are placed in our hands.   Charles W. Pierce,

" 'Louis Downing,

" 'Trustees.'

"Your orators state and charge that, in and by virtue of the said mortgage, the said Pierce and Downing, at the time of execution of the said last-mentioned paper writing, did not in law or equity have or possess the right or

power to so release the said lien of mortgage in favor of said mortgage to the said Childers, Gillies, Gardiner, and Dennis, and said attempted release thereof was and is, as against your orators, fraudulent, illegal, and void.

"Your orators further state and charge that, in further pursuance and execution of said fraudulent combination and intent before mentioned, although in fact, as hereinbefore stated, said company had not during the years 1882, 1883, and 1884 earned or received any profits from the operation of said mining properties applicable to the payment of the interest or the sinking fund, in accordance with the terms and provisions of said mortgage, of which Exhibit A is a copy, the said defendant Ballou, being the president of said company, and others officers of said defendant corporation fraudulently acting in collusion with him and said other defendants, failed and neglected to furnish any account to the said trustees at the times and in the manner stated and provided in said mortgage deed to said trustees Pierce and Downing, and so failed and neglected to furnish such account for a period of and exceeding three months.

"And your orators, further complaining, state and charge that, in further execution of said fraudulent combination, confederation, and intent above mentioned, on, to-wit, August 5, 1884, the said Charles W. Pierce and Louis Downing, trustees as aforesaid, exhibited and filed in this honorable court their bill of complaint against the said defendant the San Pedro & Canon del Agua Company as defendant therein, the same being cause numbered 1,870 upon the docket of this court, for the purpose of obtaining a decree of foreclosure of said mortgage so executed to them as trustees aforesaid, which said bill remains among the files of said court, and which your orators refer to and pray to be taken and considered in connection with and as a part of this, your orators' bill of complaint; in and by which said bill of complaint said complainants therein pray for a foreclosure of said mortgage and sale of the equity of redemption of said defendant company only as against the said lands of said company hereinbefore mentioned, and not as against the said reservoirs and pipe-line and other property of said company legally and equitably subject to the lien of said mortgage as hereinbefore stated and set forth; and that the said defendant the San Pedro & Canon del Agua Company, by its attorney, fraudulently caused the appearance of the said company to be entered in said suit. and waived any defense thereto, on the seventh day of August, 1884; and afterwards such proceedings were had in said court that by consent of the defendant corporation a decree of foreclosure and sale of the real estate, respectively called and known as the 'Canon del Agua Grant' and the 'San Pedro Grant,' was entered by consent, on the seventh day of August, 1884; and the same now remains of record in said court in said cause, and is respectfully referred to as part of this, your orators' bill of complaint.

"Your orators further state that afterwards, to-wit, on September 13, 1884, under and in pursuance of said last mentioned decree, said real estate was offered for sale, and the same was sold by the master in chancery of this court to defendant William T. Thornton, acting for and on behalf of defendants George William Ballou and George W. Morse, for the sum of $10,500, which was then and there bid and offered for the same, and your orators state that prior to the said sale the said Thornton, Ballou, and Morse, and each of them, had full notice and knowledge of the rights and equities of your orators and others in like condition with them in respect of the premises.

"Your orators state and charge that the said property, including said reservoirs and pipe-line, secured by said mortgage to said Pierce and Downing, as trustees, together constitute a property of great value; and your orators believe and so state that the same exceeds the amount of $1,000,000 in value, and that the said last-mentioned bill filed by said trustees, and said decree thereunder rendered, were fraudulent and collusive as between the said defendants Ballou, Pierce, Downing, Thornton, Morse, and other persons

whose names are unknown, for the purpose of carrying out and executing the said fraudulent conspiracy, intent, and purpose of obtaining possession of the said property, and depriving the said company and your orators and other holders of bonds of the same; and to that end it was and is the purpose, intention, and design of said defendants to obtain title to said lands by virtue of said sale under said decree; and to organize a company of said defendants before named, and other persons whose names are unknown, in collusion with them, and convey said property to a company of which they are to be or become members, and issue one million dollars of preferred stock of said company, and one million dollars of common stock thereof; to pay to your orators, and other bondholders in the San Pedro & Canon del Agua Company, the defendant herein, fifty cents on the dollar for their stock in preferred stock of the said intended corporation; to issue and deliver to defendant Ballou two hundred thousand dollars of preferred stock of said intended company in satisfaction of his fraudulent judgment against said company before mentioned; and to release the said system of water-works, including the said reservoirs and pipe-line before mentioned, to the holders of the said mortgage hereinbefore mentioned, executed to the said Childers, Gillies, Gardiner, and Dennis, who, your orators state and charge, are in fact the said defendant Ballou, his confederates and associates, who are to your orators unknown; by means of which said fraudulent, corrupt scheme, purpose, and intention, your orators state and charge, it is by said defendant proposed and intended to deprive your orators and other holders of bonds secured by said first mortgage of their prior and paramount lien as against the said fraudulent judgment in favor of said Ballou upon said mortgaged property, and also to defraud and deprive them of their prior and paramount lien upon the said system of water-works, reservoir, and pipe-lines, as against said mortgage to said Childers, Gillies, Gardiner, and Dennis, and thereby to enable the said Ballou and his confederates to obtain possession and control of said reservoirs and pipe-line and water supply.

"Your orators state that the said property of said company is perfectly valueless without the said water supply, and that it is proposed and intended, by means of said fraudulent acts before mentioned, to make the said corporation, or its successors in interest, wholly depend upon the said system of water-works for the supply of water which is necessary and essential to the operation and use of the said mining property; and thus compel the said company or its successors to purchase said pipe-line and water supply, or rent water therefrom, from the said defendants, their associates and confederates, at great and exorbitant expense.

"Your orators show unto your honor that for the reasons aforesaid the decree of foreclosure and sale made thereunder to said Thornton, for said Ballou and Morse, and others, their associates and confederates, to your orators unknown, was not in the interests or for the benefit of your orators or the holders of any of the bonds issued on said first mortgage, of which Exhibit A is a copy, except such persons as are confederated and associated together with said George William Ballou, Charles W. Pierce, Louis Downing, and George W. Morse, in the said fraudulent combination and conspiracy before mentioned; and that the said decree of foreclosure and sale thereunder were and are, as against your orators and others in like condition with them, fraudulent, inequitable, and void.

"Your orators further state that under and by virtue of said sale the defendants Ballou and Morse claim to be the owners of said mortgaged property, excepting said reservoirs and pipe-line, and that by virtue of said mortgage, dated July 11, 1882, of which Exhibit D is a copy, the said Childers, Gillies, Gardiner, and Dennis claim some right and interest, prior and paramount to the interests of your orators, in and to said system of water-works, reservoirs, and pipe-line hereinbefore mentioned; and the said Charles

W. Pierce, Louis Downing, and William T. Thornton have or claim some right or interest in and to said mortgaged property, the precise nature and extent of which are to your orators unknown; but your orators state and charge that the different interests the said defendants, or either or any of them, may have in and to said mortgaged property is junior and subject to the prior rights, equities, and liens of your orators, as holders of said bonds under and by virtue of said mortgage, of which Exhibit A is a copy.

"All of which acting and doings are contrary to equity and good conscience."

The bill concluded with a prayer that the mortgage be foreclosed and an account taken and stated of the profits of the company for the years 1882, 1883, and 1884; that a receiver be appointed to take possession of the said property; and that an injunction be granted to restrain the defendants from further interference with the mortgaged estate.

On behalf of appellees it is urged that the demurrer was properly sustained, for the reason that the complainants, as bondholders, could not sue until they had exhausted every possible means at their command to induce Pierce and Downing, as trustees under the mortgage, to act in their behalf. In support of this contention the case of *Hawes* v. *Oakland*, 104 U. S. 450, is cited. That case is not in point. The bondholders in this case do not stand upon the same legal footing as to their right to bring this bill that the stockholders did in that. The bill charges that a fraudulent combination had been formed between the trustees Pierce and Downing and other persons, the purpose of which was and is to defeat them of their rights in the mortgaged property. They charge a state of facts which, if true, put the trustees in a direct attitude of hostility to their interests. They go further, and ask the court to amend and set aside certain acts already committed by the trustees to their injury. We apprehend that a court of equity would entertain no bill filed, even by a stockholder, on the showing made here by the bondholders. Fraud and oppression by the trustees in the most injurious and destructive manner to their legal rights were set out, and a request upon them to bring this suit would have been an idle act, and wholly unavailing.

It is further insisted that inasmuch as complainants do not offer to return the purchase price bid at the sale, or any portion of it, they cannot maintain this bill. It does not appear from the record in this case that complainants ever received any portion of the purchase money, or any benefit from it in any way. The objection that the charges of fraud contained in the bill are too general cannot be sustained.

The bill sets out with reasonable certainty and particularity the facts and acts of the parties relied upon as constituting a fraud upon the complainants' rights. The bill is a proper one, both in form and substance. *Pacific R. Co. of Mo.* v. *Missouri Pac. Ry. Co.*, 111 U. S. 505; S. C. 4 Sup. Ct. Rep. 583; *Terry* v. *Commercial Bank of Ala-*

*bama,* 92 U. S. 454; *Drury* v. *Cross,* 7 Wall. 299; *Lester* v. *Matthew,* 58 Ga. 403; Story, Eq. Pl. §§ 426–428; *Bornadith* v. *Saxton,* 2 Tenn. Ch. 699; *Jackson* v. *Ludeling,* 21 Wall. 616; *Wardell* v. *Union Pac. R. Co.,* 103 U. S. 651.

For the errors of the court below in sustaining the demurrer and dismissing the bill the judgment is reversed, and the cause remanded, with instructions to that court to overrule the demurrer and to proceed with said cause; and it is so ordered.

We concur: LONG, C. J.; BRINKER, J.