VIZARD *v.* MOODY, and *vice versa.*

While a petition which seeks to recover possession of land and mesne profits on a legal title must, under the constitution of this State, be instituted in the superior court of the county where the land lies, yet a court of the county where the land lies, as to a person who is a resident of another county in this State, has no jurisdiction to grant equitable relief such as injunction and the appointment of a receiver, although the petition under which the land is sought to be recovered contains prayers for such equitable interposition. The grant of an injunction and the appointment of a receiver in such cases comes only within the jurisdiction of equitable principles, and a petition seeking relief thereunder can, as an original action, be maintained only in the county of the residence of one of the defendants against whom such relief is sought.

Argued January 14, — Decided June 4, 1902.

Petition for injunction, etc. Before Judge Bennet. Glynn superior court. September 10, 1901.

*Atkinson & Dunwody*, for plaintiff. *W. G. Brantley, Gale & Butts*, and *Owens Johnson*, for defendant.

LITTLE, J.    Vizard filed a petition in the superior court of Glynn county against S. A. Moody of Appling county.   He alleged that the defendant was in possession of two lots of land in the city of Brunswick; that petitioner held title to the same by virtue of a sale made under a deed of trust executed by D. H. Moody and S. A. Moody; that the sale was regularly made in all respects, and vested the petitioner with title to said lot; that after the sale he made a demand upon the defendant for the possession and surrender of said lots, which was refused, and that the defendant, S. A. Moody, wrongfully withholds possession of the same from him.   He further alleged that the property is rented for $25 per month, and that he as a matter of right is entitled to said rents, but being in possession the defendant collects and appropriates the same to her own use. He alleged further, that the defendant is insolvent, and that to permit her to continue to collect and appropriate the rents would cause him irreparable injury and damage.   He averred that while the trust deed under which the sale was made was not properly witnessed so as to be admitted to record, it is yet good between the parties, and not being entitled to record, it is in the power of the defendant to transfer the same and to create liens thereon which would defeat his title.   Thereupon, waiving discovery, he prayed for a judgment in his favor against defendant for the land, for mesne profits, and for a writ of possession.   He further prayed that the defendant be enjoined from transferring or creating any lien on the property; and that a receiver be appointed to take charge of the property, and collect and preserve the rents until the final determination of the case.   On the presentation of this petition the judge presiding in the superior court of Glynn county issued a rule nisi calling on the defendant to show cause, on April 13th thereafter, why the injunction and receiver as prayed for should not be granted, and issued a restraining order in accordance with the prayer for injunction, to be in force until the hearing.   The process attached to the petition was especially directed to the sheriffs of the counties of Glynn and Wayne, and required the defendant, " S. A. Moody of Appling county," to appear at the next term of the superior court of Glynn county to answer the plaintiff in an action of ejectment, etc.   By amendment so much of the petition as recited that the defendant was of the " county of Appling " was stricken, and in lieu thereof the words " county of Wayne " were substituted.

A similar amendment was made to the process, and the direction of same was so amended as to be addressed especially to the sheriffs of Glynn, Ware, and Wayne. Other amendments were made which it is not now necessary to consider. The defendant, who was served, appeared, in response to the rule nisi, in the superior court of Glynn county, for the sole purpose of moving the court to dismiss the petition, and urged as a ground therefor that the superior court of Glynn county was without jurisdiction, and that the superior court of Wayne county had exclusive jurisdiction of the case. This motion to dismiss was overruled, and thereupon the judge issued an order denying and refusing to grant an injunction and appoint a receiver as prayed for. He also dissolved the restraining order theretofore granted. To these rulings the plaintiff excepted, and sued out a bill of exceptions alleging them to be error. The defendant by way of cross-bill assigned as error the refusal of the judge to dismiss the petition for want of jurisdiction to entertain the same.

The sole question presented by the main bill of exceptions is whether the trial judge erred in refusing to grant an injunction and appoint a receiver as prayed for. We think he committed no error in refusing the prayers of the petition, and none in disolving the restraining order. Aside from the merits of the case, on which we are not called upon to pass, it is apparent that the superior court of Glynn county had no jurisdiction to entertain an application for the appointment of a receiver of the property of S. A. Moody, who resided in Wayne county, Georgia, or to grant an injunction restraining her from encumbering that property, notwithstanding the property was situated in the county of Glynn. The petition exhibited is composite in character. While it is in the form of a proceeding in equity, it seeks, in one of its parts, to obtain a purely legal judgment unaffected by the application of any equitable principle; that is, a judgment for the land and mesne profits, and a writ of possession. These as results flow from a successful termination of an action of ejectment. Other prayers of the petition seek purely equitable relief, to wit: the granting of an injunction and the appointment of a receiver. If we treat the petition solely as an action of ejectment, then no court had jurisdiction to entertain it except the superior court of Glynn county, because the land sought to be recovered was situated in that county. If we treat the petition, because of its prayers for equitable relief,

as a petition in equity, then no court but the superior court of Wayne county had jurisdiction to entertain it. So the plaintiff is confronted with this proposition: The action to recover the land must be filed in the superior court of Glynn county. If he desires equitable relief, he must seek that only in the county of Wayne, because the defendant resides there. The conclusion is inevitable, that neither the superior court of Glynn county nor the superior court of Wayne county had, for the purpose of granting both forms of relief sought, jurisdiction of the petition as it was presented, with its averments and prayers. For reasons which are very clearly set out in *Johnson* v. *Griffin*, 80 *Ga.* 551; *Clayton* v. *Stetson*, 101 *Ga.* 634, cited approvingly in *Hix* v. *Kiser*, 103 *Ga.* 738; *Short* v. *Mathis*, 107 *Ga.* 807; *Vocke* v. *Seidell*, 108 *Ga.* 761, petitioner could obtain no equitable relief against the defendant, even were he entitled to it, on a petition filed by him in another court than that of the county of Wayne. We presume that the judge to whom the application was made entertained this view of the law, and for that reason refused the equitable relief of injunction and receiver, but refused to dismiss the petition on the motion of the defendant for want of jurisdiction, because it contained averments which made it in effect an action of ejectment, and so properly brought in Glynn county, because the land was there situate. But, for whatever reason the injunction and receiver were refused, the judge committed no error, inasmuch as the petition could not compel a resident of Wayne county to come to Glynn and answer the allegations which he made in his petition, and which he claimed entitled him to equitable relief.

    *Judgment on main bill of exceptions affirmed; cross-bill dismissed. All the Justices concurring, except Lewis, J., absent.*