*H. P. Lumpkin, Baxter Smith,* and *Earl Jackson,* contra.

---

## BISHOP *v.* BROWN.

1. A demurrer on the ground of no equity in the petition, and a motion to dismiss the petition, can not be determined by the trial judge on the interlocutory hearing of the case before the regular term of court to which the suit was brought, except for the purpose of determining whether the injunction should be granted.   The case can not be dismissed on such motion in vacation.

2. "Equity cases shall be tried in the county where the defendant resides against whom substantial relief is prayed."   Civil Code, § 6540.

3. Ancillary proceedings may be filed in cases growing out, and in aid, of the original proceedings, in the same court and between the same parties, for the purpose of rendering complete justice among all the parties at interest.

4. In such a case, however, an ancillary proceeding in the nature of an equitable petition to cancel a deed (and to enjoin the transfer of the property) alleged to have been made by a judgment debtor to his wife in order to hinder, delay, and defraud his creditors, will not lie against the wife in a county other than that of her and her husband's residence, where it appears that she was not a party to the original suit in the county where the judgment was obtained, and has not waived jurisdiction in the court of the county other than that of her residence by any act on her part.
                    OCTOBER 15, 1912.

Injunction.   Before Judge Fite.   Murray superior court.   April 6, 1912.

*Maddox, McCamy & Shumate,* for plaintiff in error.

HILL, J. In this case, S. A. Brown filed his equitable petition against William Pendley & Co., of Murray county, and L. L. Bishop and Mrs. L. L. Bishop, of Whitfield county, the latter being one of the defendants against whom substantial relief was prayed. The petition showed substantially the following facts: S. A. Brown instituted suit in Murray superior court in 1908 against Willis Pendley and William Pendley of Murray county, and L. L. Bishop of Whitfield county, as partners, on a certain promissory note for $1,000 principal debt, besides interest and attorney's fees. At the August term, 1911, of Murray superior court, the plaintiff recovered by verdict and judgment against all of the defendants for the full amount sued for. L. L. Bishop, one of the defendants in the above-stated case, also instituted a suit in Murray superior court, claiming that the Pendleys were due him a considerable amount of money, to which the latter replied that Bishop owed them a large sum. The trial of this case resulted in a verdict and judgment against Bishop for about $1,000. Prior to the judgment rendered in the last-named case, a receiver was appointed to take charge of the property of the firm composed of the Pendleys and L. L. Bishop, which property was sold by the receiver, who, after paying costs and counsel fees, had left a balance of about $1,100 in his hands belonging to the partnership, and subject to the order of the court. The petition further alleged, that, whatever the equities might be as to this fund in the receiver's hands as between the Pendleys and L. L. Bishop, the fund is subject to the judgment which petitioner recovered against the partners. It was alleged, that the Pendleys were insolvent; that L. L. Bishop had no other property subject to execution; that the latter's effort to delay this case was with a view to defeating petitioner in the collection of his judgment; that L. L. Bishop had made a deed to his wife to real estate in Whitfield county, where both resided; that the deed was recorded there shortly before this litigation, and that the conveying of the property was for the purpose of hindering, delaying, and defrauding petitioner in the collection of his debt. The prayers of the petition were: that the funds in the hands of the receiver or in the custody of the court be impounded and held until the final determination of this case; that the petitioner have such judgment and order subjecting such funds to the payment of

his debt as he may be entitled to in equity and law; that Mrs. L. L. Bishop be restrained and enjoined from selling, incumbering, or in any manner interfering with or changing the status of said property deeded to her by L. L. Bishop; and that the petitioner have such other and further judgment and relief, including the delivery up and cancellation of the deed from L. L. Bishop to his wife.

At the interlocutory hearing Mrs. L. L. Bishop demurred to the plaintiff's petition, and asked that the case be dismissed on various grounds, among others, that the petition was multifarious and sought to join separate and distinct causes of action, and that there was a misjoinder of parties; that the superior court of Murray county had no jurisdiction of her, as she was a citizen and resident of Whitfield county, and the superior court of that county alone. had jurisdiction of her; that the plaintiff could not, in this petition, have the court impound any fund that might be in the hands of the receiver, no reason being shown why the plaintiff could not be made a party to the case in which the receiver held the money and obtain relief out of the fund in his hands, etc. On the interlocutory hearing, an oral motion was also made to dismiss the petition, on the above grounds, and others, which was overruled by the court, and the following order passed: "Upon the hearing it is ordered that plaintiff be allowed to file petition as prayed; that said funds be impounded as prayed; and that Mrs. L. L. Bishop be enjoined from selling or encumbering the said lands; and that defendants show cause upon the trial why the prayers of plaintiff should not be granted." To the overruling of the motion to dismiss, and to the granting of the order above quoted, Mrs. L. L. Bishop excepted.

1. The answer to two questions determine the issue in this case. The first is, whether a demurrer and a motion to dismiss an equitable petition can be decided by the trial judge on the interlocutory hearing. Undoubtedly these matters may be considered by the trial judge in determining whether he will grant the injunction prayed for, but the judge of the superior court has no authority of law to sustain a demurrer and dismiss a case for want of equity in vacation. *Ivey* v. *City of Rome,* 129 *Ga.* 286 (2), 289 (58 S. E. 852). See also *Town of East Rome* v. *City of Rome,* 129 *Ga.* 290 (58 S. E. 854); *Gordon* v. *Fritts,* ante, 770 (76 S. E. 40).

2-4. The next question is, could this equitable petition, or ancillary proceeding, be brought against the defendant Mrs. L. L. Bishop, in a county other than that of her residence. The constitution of the State declares that "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." It will be observed that Mrs. Bishop was not a party to either of the suits in Murray county. She was not a resident of that county, but of Whitfield county. Substantial relief was prayed against her. She had not waived her right to be sued in the county of her residence by having herself made a party to either of the suits pending in Murray county. And herein lies the distinction between this case and that of *Thomason* v. *Thompson,* 129 *Ga.* 440 (59 S. E. 236). In that case the claimant voluntarily filed her claim in a county other than that of her residence, and therefore waived her right to the jurisdiction of the court of the county of her residence. In the case last cited, Mr. Justice Evans says that "The waiver of jurisdiction as to the non-resident's person, however, is limited to relief germane to and involved in the action which he starts." In the case of *Townsend* v. *Brinson,* 117 *Ga.* 375, 378 (43 S. E. 748), it is said: "One against whom another is entitled to ask substantial equitable relief has a right, under the constitution, to demand that this equitable relief be sought in the county where he resides, if he is the only person against whom such relief is sought in that proceeding. He may waive this right, if he sees proper to do so; and if he proceeds by suit, either at law or in equity, against another in the county of the latter, he waives the right, so far as all matters connected with the claim that he then sets up are concerned, to require that the defendant shall proceed against him in his own county." Our Civil Code, § 5527, declares: "All petitions for equitable relief shall be filed in the county of the residence of one of the defendants against whom substantial relief is prayed, except in cases of injunctions to stay pending proceedings, when the petition may be filed in the county where the proceedings are pending; provided no relief is prayed as to matters not included in such litigation." See *Crawley* v. *Barge,* 132 *Ga.* 96-98 (63 S. E. 819). The present suit was in the nature of an ancillary bill. This proceeding is generally applicable in cases "growing out of the original proceedings in the same court, and dependent on such proceedings, and

instituted for the purpose of enforcing a judgment or rendering complete justice among all the parties in interest." 1 Words & Phrases, 384. It will be noted that the defendant here was not a party to the original suit, and had no interest in it, so far as the record discloses. Neither was the defendant a party to the suit for a receiver, injunction, etc., in Murray county. We fail to see, therefore, how an ancillary proceeding against one not a party to the original suit and having no interest therein, and not living in the same county, or waiving jurisdiction in the county of her residence by being made a party to the suit in Murray county, can be forced against her will into the courts of a county other than that of her residence. We think, therefore, for want of jurisdiction, the court erred in granting the interlocutory injunction against Mrs. Bishop.

*Judgment reversed. All the Justices concur.*