BIRD *v.* TRAPNELL *et al.*

ATKINSON, J.  J. A. Bird owned a tract of land in Emanuel county on which he resided, and conducted thereon a farming and mercantile enterprise. On a large part of the land was valuable timber. On the 1st day of September, 1877, he employed Josiah Bird, his brother 17 years of age, to work for him at a stated price per month. This wage was raised from time to time; but in March, 1881, Josiah left the employment and operated a store at another place. This business was conducted successfully, and in August, 1881, J. A. Bird, who had a wife, Sarah E., but no children and no prospect of children, requested Josiah to return and live with him and his wife and manage his farming business and store so long as J. A. Bird should live; and promised to pay wages at the rate formerly paid, and that by deed or will he would make Josiah an equal heir with his wife in his estate, thereby giving him "an undivided half interest in whatever estate he left when he died." The proposition was made with the knowledge and consent of J. A. Bird's wife, and Josiah accepted it and returned; and under his management the business prospered until December 2, 1892, when J. A. Bird died, leaving a valuable estate, made largely by Josiah, whose services all the time were worth much in excess of the monthly wages. J. A. Bird died leaving his wife as sole heir at law, without having made any deed or will. The widow, who knew and consented to the arrangement above indicated, proposed, after the death of her

husband, to Josiah that if he would "relinquish to her his half interest in all of the estate of her said husband, except the tract of land above mentioned, "and permit her to enjoy the rents and profits of said tract of land during her natural life, she would" in consideration thereof, by will or deed, give to him "her half interest in said land after her death." "By said agreement said Sarah E. was not to sell, cut, or destroy the timber" on the land, and was to keep the watermill thereon in repair during her life, "and at her death turn over and deliver said tract of land" to Josiah "in full settlement and satisfaction of his half interest in the estate of her said husband." In consideration of the agreement Josiah "relinquished and gave up to said Sarah E." his right and title to one half interest of the estate of J. A. Bird, thereby fully complying with his obligations under his contract with Sarah E., and vesting in Josiah a perfect equitable title to the land with right of possession after her death. After the death of J. A. Bird, the widow remarried twice, but had no children, and died intestate without having conveyed the land to Josiah, leaving her last husband, J. A. Woodward of Emanuel county, as her sole heir at law. J. A. Woodward became administrator upon her estate. In December, 1915, Woodward, claiming to be owner of the land, sold it to Judson Trapnell, giving a bond for title. Trapnell in turn leased to E. J. Register the timber to be worked for turpentine purposes. Both of them resided in Candler county, and bought with notice of Josiah Bird's equitable title to the land. Register was about to cut the timber; and in December, 1915, Josiah Bird instituted an action in the superior court of Candler county against J. A. Woodward of Emanuel county (in which the land lay), individually and as administrator upon the estate of Sarah E. Woodward, deceased, and Judson Trapnell and E. J. Register, both of Candler county, alleging facts indicated above, and praying: (a) that J. A. Woodward be required to specifically perform the contract made with Sarah E., and execute to him a deed; (b) for recovery of the land and mesne profits; (c) for injunction to prevent Register from cutting the timber; (d) for cancellation of the bond for title from J. A. Woodward to Trapnell, and the lease from Trapnell to Register, as clouds upon plaintiff's title; and for general relief. The petition was dismissed on demurrer raising the questions ruled on below. *Held:*

1. The petition alleged a contract between J. A. Bird and Josiah Bird, full performance of which by the latter would entitle him to the specified interest in the estate of the former at his death. Civil Code, § 4634; *Gordon* v. *Spellman,* 145 *Ga.* 682 (89 S. E. 749).

2. The allegation of surrender by Josiah Bird to Sarah E. of his equitable right in the estate of J. A. Bird was a sufficient allegation of consideration to support the contract by her to convey the land to Josiah Bird at her death, and that contract after performance by the former was enforceable. *Belt* v. *Lazenby,* 126 *Ga.* 767 (56 S. E. 81).

3. The allegations of both contracts and full performance thereof by Josiah Bird were sufficient, in a contest between Josiah Bird and the administrator of Sarah E. and the several defendants claiming under

her with notice, to support an action for specific performance, cancellation of deeds, injunction against cutting timber, or to recover the land with mesne profits. *Temple* v. *Temple,* 70 *Ga.* 480; *Grace* v. *Means,* 129 *Ga.* 638 (59 S. E. 811), and citations.

4. In so far as the action sought recovery of the land and mesne profits, it was an action at law which could be brought only in Emanuel county, where the land lay. Civil Code, § 5528; *Vizard* v. *Moody,* 115 *Ga.* 491 (41 S. E. 997); *Fourth National Bank of Columbus* v. *Mooty,* 143 *Ga.* 137 (84 S. E. 546).

5. In so far as the action sought equitable relief of specific performance, cancellation, and injunction, each of the defendants, under the facts of the case, would be materially affected, and the grant of such relief would as to all be substantial relief. Therefore the venue was properly laid in Candler county where some of the defendants resided. Civil Code, § 6540; *Vizard* v. *Moody,* supra; *Taylor* v. *Colley,* 138 *Ga.* 41 (74 S. E. 694); *Chosewood* v. *Jones,* 146 *Ga.* 804 (92 S. E. 646); *Wynn* v. *Lumpkin,* 35 *Ga.* 208; *Lester* v. *Mathews,* 58 *Ga.* 403.

6. The date of the death of Sarah E. Woodward was not alleged, and it can not be held on demurrer that the plaintiff was barred of his equitable remedy by laches.

7. The petition alleged a cause of action, and the judgment sustaining the general demurrer was erroneous.

*Judgment reversed. All the Justices concur.*
JUNE 12, 1917.

Equitable petition. Before Judge Hardeman. Candler superior court. February 9, 1916.

*Kirkland & Kirkland* and *Hines & Jordan,* for plaintiff.
*Johnston & Cone* and *Anderson & Jones,* for defendants.