## BRINDLE *et al. v.* GOSWICK *et al.*

ATKINSON, J.   An action was instituted against three persons in Murray County.   The petition alleged, that all the defendants resided in Whitfield County; that plaintiffs owned described land in Murray County; that defendants, asserting title under a void deed and pretended claim of right, entered upon the land and were engaged in cutting the timber and had already caused damage in a stated amount.   The prayers were, for cancellation; for injunction; for decree declaring petitioners' title and granting them possession of the land; and for process and general relief.   The judge granted a restraining order.   The defendants filed a plea to the jurisdiction and a demurrer which also raised the question as to jurisdiction, and an answer.   At an interlocutory hearing, after introduction of evidence by both sides, the judge entered the following order:   "The within matter coming on for hearing and after hearing evidence, it is ordered, considered, and adjudged that the restraining order heretofore granted be and the same is continued until the further order of the court."   The defendants' bill of exceptions, after quoting the order, assigned error as follows:   "To which said order and judgment of the court the defendants (now plaintiffs in error) then and there excepted and now except and assign the said ruling and judgment of the court as error, and say that said judgment of the court is contrary to law.   That the court should have sustained the plea to the jurisdiction and dismissed the petition, because the petition itself showed that the superior court of Murray County, Georgia, had no jurisdiction of defendants to grant any equitable relief as therein prayed and as granted by the court."   *Held:*

1. A bill of exceptions will lie to the grant of an interlocutory injunction (Civil Code (1910), § 5502), and there is no merit in the motion to dismiss the bill of exceptions on the ground that it "does not except to any judgment or ruling upon any issue that is final in the case."

2. The venue of a suit in the superior court to recover possession of land and damages for cutting timber on the land, and for equitable relief relating to the land or timber, is as to such equitable relief in the county of the residence of a defendant against whom such equitable relief is prayed. Civil Code (1910), §§ 6540, 5527; *Railroad Commission* v. *Palmer Hardware Co.*, 124 *Ga.* 633 (53 S. E. 193) ; *Vizard* v. *Moody*, 115 *Ga.* 491 (41 S. E. 997) ; *Chosewood* v. *Jones*, 146 *Ga.* 804 (92 S. E. 646) ; *Bird* v. *Trapnell*, 147 *Ga.* 50 (5) (92 S. E. 872).   See also *Bishop* v. *Brown*, 138 *Ga.* 771 (76 S. E. 89).   Accordingly, in a suit of the character above mentioned, instituted in the superior court of Murray County, where the petition alleged that all of the several defendants

---

Appeal and Error, 3 C. J. p. 561, n. 10.
Venue, 40 Cyc. p. 57, n. 84.

resided in Whitfield County, it was erroneous, upon consideration of the demurrers raising the question of jurisdiction and the evidence at an interlocutory hearing, to grant a temporary injunction against the defendants.                    *Judgment reversed.    All the Justices concur.*

No. 5018.  June 28, 1926.

Injunction. Before Judge Tarver. Murray superior court. July 7, 1925.

*William E. & W. Gordon Mann,* for plaintiffs in error.

*H. H. Anderson,* contra.