MANRY *et al. v.* FARMERS BANK OF FORSYTH.

No. 9293. MAY 10, 1933. REHEARING DENIED JUNE 20, 1933.

*L. D. Moore* and *J. M. Fletcher,* for plaintiffs in error.
*Willingham & Willingham,* contra.

HILL, J. Misses Nora B. and Obie Manry brought a petition praying for injunction and other relief against the Farmers Bank

of Forsyth, Georgia, alleging in substance the following: The defendant is advertising for sale certain described land under a power of sale alleged to have been given to it by B. H. Manry in a deed to secure a debt, dated July 3, 1926, and recorded in Monroe County on November 9, 1927. The land described in that deed contained 999 acres, there being 405 acres known as the Jossey place and 94 acres known as the Rhodes place, this land being located in Monroe County; and "also all that tract of land lying and being in Lamar County, known as my home place, containing 500 acres in the 7th district, bounded on the north by lands of J. F. Wise, T. J. Gardner, and E. L. Butler; on the south by a public road; on the west by other lands of B. H. Manry; on the south by lands of J. B. Fleming and other lands of B. H. Manry. The lands being the lands deeded me by Mrs. E. F. Manry et al." Recorded in deed book 31, folio 71, Monroe County; and recorded in Lamar County on May 1, 1931. It is alleged that the description of the lands located in Lamar County, although indefinite and uncertain, seems to be an attempt to describe lands which do not belong to B. H. Manry and have never belonged to him, but the title to which is vested in petitioners, and a sale thereof under the power above referred to would have the effect of casting a cloud upon petitioners' title to the land; that they are not in any way obligated to the defendant for the indebtedness for the payment of which the land is being advertised for sale; and that the security deed under which the sale is being advertised was not made by authority of petitioners or either of them, or with their knowledge or consent. The prayers are for injunction to prevent defendant from selling the land under the power until petitioners' rights and title to the portion of the land claimed by them can be set up and the judgment of the court had thereon; that the court decree title to the land claimed by petitioners to be in them, and not subject to the payment of the debt of B. H. Manry, or subject to any lien created by the deed to secure debt; and for general relief. The plaintiffs introduced in evidence a deed from B. H. Manry to the plaintiffs, conveying the land in Lamar County, being the land in controversy, dated February 20, 1929, and recorded on the same date in Lamar County.

The defendant in its answer admitted some of the allegations of the petition and denied others, and averred that its title to the lands in controversy was acquired from B. H. Manry by his regularly

executed warranty deed with power of sale to secure debt; that at that time title to the land was vested in B. H. Manry, and has been continuously vested in him ever since, until recently, when defendant is advised that he has made some pretended deed to the petitioners, who are his sisters and live with him. He has been vested with title to the lands, has had possession of them, returning them for taxes, exercising acts of dominion over them, and asserting title thereto with the consent and approval of his sisters. The allegation that the lands described "do not belong to the said B. H. Manry and have never belonged to him" is untrue; and its incorrectness was necessarily known to both petitioners, in that they were two of the four grantors in the deed referred to in the description from Mrs. E. F. Manry et al. to B. H. Manry, recorded in deed book 31, folio 71, Monroe County, whereby E. F. Manry, Susie Wright, Nora B. Manry, and Obie A. Manry conveyed to B. H. Manry, under date of November 2, 1899, a tract of land containing 440 acres, more or less, in the 7th district of Monroe County, therein described, which is stated in the deed from B. H. Manry to defendant to be the same land as was conveyed by him to the bank. The reference in said description to the prior deed, in which both of petitioners joined as grantors, shows on its face that they knew that B. H. Manry had held title to the land from 1899 as a result of their conveyance to him. Defendant is advised that B. H. Manry has recently conveyed the land in Lamar County to the petitioners, and they are now claiming the land under this deed; that they took this deed with knowledge that B. H. Manry owed the bank a large sum of money and that the bank held a lien on the land, taken in good faith from Manry while he was the owner thereof; and their taking the deed from B. H. Manry was with intent to defraud defendant, and without other consideration. Defendant asks that petitioners set forth their full claim of title clearly and distinctly, so that the title may be adjudicated in this proceeding.

Upon the call of the case for trial the plaintiffs moved that it be continued until the question of title to the land in Lamar County could be finally adjudicated between the parties in Lamar superior court, as an injunction could not be granted until the title to the land could be adjudicated by a court having jurisdiction thereof, and that the superior court of Monroe County was without jurisdiction to adjudicate title to lands located in Lamar County. The

court overruled this motion, and exceptions pendente lite were taken. A verdict was rendered, finding against an injunction. The plaintiffs made a motion for new trial, which was overruled, and they excepted.

■ The error alleged in the exceptions pendente lite and in the first and second special grounds of the motion for new trial involve the same question, and will be considered together. The question is whether the court erred in refusing to continue the case until the title to the land located in Lamar County could be finally adjudicated between the parties in Lamar superior court. It is insisted that the motion was predicated upon the ground that a perpetual injunction could not be granted until the subject-matter upon which the injunction operated was determined and adjudicated by a court having jurisdiction thereof, and that as the superior court of Monroe County, where the present case was pending, had no jurisdiction to adjudicate the title to the land located in Lamar County, a jury in Monroe County could not determine whether or not the temporary restraining order should be made perpetual. Movants contend that under the law a jury could neither grant nor refuse an interlocutory injunction. There was no merit in the motion for continuance. The plaintiffs themselves brought the present petition, and invoked the aid of a court of equity to enjoin certain acts by the Farmers Bank of Forsyth, and filed the suit in the county of residence of the bank against which substantial relief was prayed. The petition alleged that the title to the land in controversy was in the plaintiffs, and the court was asked to decree that the title was legally in them, and was not subject to the payment of the indebtedness of B. H. Manry to the bank. The plaintiffs, having invoked the jurisdiction in equity of the court in Monroe County, were estopped from denying that that court had jurisdiction to entertain the case; and it will be observed that the trial judge confined the issues to whether or not an injunction, which the plaintiffs invoked, should be vacated or made permanent. If the title to the land in Lamar County is involved in the present litigation, it is only incidentally so, and on account of the fact that the plaintiffs themselves brought the question into the case. Civil Code, §§ 5527, 6540; *Clayton* v. *Stetson,* 101 *Ga.* 634 (28 S. E. 983); *Bishop* v. *Brown,* 138 *Ga.* 771, 774 (76 S. E. 89); *Brindle* v. *Goswick,* 162 *Ga.* 432 (134 S. E. 83). The court did not err in overruling the motion to continue the case.

■ In the motion for new trial the plaintiffs except to the following charge of the court to the jury: "The burden is on these plaintiffs to show that they had acquired title to this land for a valuable consideration, without actual notice of the adverse title of the Farmers Bank, if the Farmers Bank had an adverse title to this piece of property. If these plaintiffs satisfy you that they acquired title to this land for a valuable consideration and at the time they acquired such title they had no actual notice of the adverse claim of title of the Farmers Bank, then you would be authorized to find that the injunction should continue. If they have not satisfied you with that degree of certainty by the preponderance of the evidence that they acquired title to this land for a valuable consideration and without actual notice of the adverse claim of title of the Farmers Bank, then you would not be authorized to find in their favor for the continuance of the injunction." Movants contend that the court further erred in charging the jury as follows: "The preponderance of the evidence, gentlemen, means that superior weight of the evidence upon which the issue involved which, while not enough to wholly free the mind from reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than to the other." It is insisted that the foregoing excerpts from the charge were error, because the law does not authorize a jury to refuse or grant an interlocutory injunction, and because the rule as to the preponderance of the evidence does not apply to the grant or refusal of an interlocutory injunction, but on the contrary the judge of the superior court alone is authorized under the law in the exercise of a sound discretion to either grant or refuse an interlocutory injunction. The court further charged the jury: "You take the testimony, all of the facts and circumstances, if any, that may appear in proof that will throw light upon the issues involved in this case, and you say whether or not the plaintiffs have carried the burden of proof which the law puts upon them to establish the truth in their contentions about the transaction by preponderance of the testimony." The entire charge of the court is not in the record, but the charge as complained of does not show error. The trial court properly defined the burden resting on the plaintiffs. The plaintiffs were the complaining parties, and if they did not show title superior to that of the defendant they were not

entitled to prevail in this suit. The court properly placed the burden on the plaintiffs to show that they acquired in good faith a title to the land in controversy, and that it was superior to the defendant's title; and unless they carried this burden they were not entitled to recover. The position of the plaintiffs that the jury had no right to find against a permanent injunction is without merit. What the jury did find was for "the defendant and against injunction." Properly construed, this verdict found against the title of the plaintiffs, and in favor of the defendant. In other words, the jury found the fact that the plaintiffs were not entitled to recover and have a decree that the title was in them; and therefore the permanent injunction failed as a necessary consequence.

■ Ground 4 of the motion for new trial assigns error on the exclusion of two postal receipts for letters addressed to Bessie Wright of New York. B. H. Manry and Miss Nora Manry testified that these receipts represented letters which carried bonds of the value of $2600 to Bessie Wright; and Nora Manry testified: "These receipts were signed by Bessie Wright." Objection was made that the signature of Bessie Wright to these receipts was not proved, and that they were hearsay, and that they were issued for letters mailed at the post-office at Gogginsville, Georgia, when B. H. Manry testified that he mailed the registered letters containing certain alleged bonds from Forsyth, Georgia. These receipts could not, therefore, have related to the registered letters containing bonds if they were sent from Forsyth. They were properly excluded from the jury as having no probative value.

■ The 5th and 6th grounds of the motion assign error on the admission of evidence consisting of conversations of R. T. Persons of the defendant bank, as follows: "I described mine [referring to description of land in deed to secure debt] as he, B. H. Manry, gave it to me, as he said this was the same property. I described just exactly as he gave it to me." This testimony was objected to on the ground that whatever conversation was had between Manry and Persons could not bind the plaintiffs. It was competent to admit this evidence in order to identify the land described in the deed and explain the land lines. It will be noted that it does not attempt to vary a written contract, but was merely to explain where the land was located.

■ Ground 7 complains that the court erred in admitting two deeds over objection upon the ground that they were void, because the description was vague and indefinite and did not identify any particular tract of land, the loan deed describing the lands as follows: "Also that tract of land located and being in Lamar County, known as the home place, containing 500 acres, in the 7th district; bounded north by lands of J. F. Wise, T. J. Gardner, and E. F. Butler; on the south by a public road; on the west by other lands of B. H. Manry; on the south by lands of J. B. Fleming and other lands of B. H. Manry. The lands being the lands deeded me by Mrs. E. F. Manry et al., recorded in deed book 31, folio 71, Monroe County." The deed referred to as recorded in deed book 31, folio 71, contains the following description: "All of two separate tracts of land in the 7th district of Monroe County, Georgia, being parts of lots Nos. 216, 217, 232, and 257. One tract containing 340 acres; bounded north by lands of W. J. Williamson and the Hill estate; east by Hill estate, Mrs. S. Wright, and J. C. Poe; south by lands of A. J. Ingram and other lands of B. H. Manry; west by Gilbert Jackson, William Hill, William Harris, C. C. Collier, and Mrs. Willie Goodwyne. One tract containing 100 acres of lot 257, bounded north by lands of G. W. Butler and Mrs. Mary Wyche; east by road leading from Forsyth and Barnesville road to the Forsyth and Griffin road; south by other lands of B. H. Manry, and west by the Hill estate, being in all 440 acres." It is insisted that the deeds as to the land described were invalid and uncertain and void, for the reason that the description contained in each of said deeds was so vague and indefinite that it did not identify any particular tract of land, and that the deed from Mrs. E. F. Manry and others, recorded in book 31, folio 71, was absolutely void in so far as it related to the tract of 340 acres. It will be observed that this ground deals with the sufficiency of the description of the 500 acres known as the Manry home place. While the description in the deeds objected to in some respects is uncertain and indefinite, evidence was introduced to identify and make certain what premises were intended to be conveyed by the deeds. It is certain that the bank took a lien on the home place of B. H. Manry, containing 500 acres, in the 7th district of Lamar County, Georgia, the northern boundary of which was land of J. F. Wise, and the southern boundary of which was the public road leading from Forsyth to Barnes-

ville. In connection with the admission of the deeds parol testimony was admitted to explain what land was involved in the description contained in the deeds. This court has held that where the boundaries of land devised by a will are fixed, and this fact is patent upon the face of the will itself, but the description of the land comprised within those boundaries is ambiguous, parol testimony is admissible to adjust the description to the boundaries so fixed, but not for the purpose of changing the boundaries. *Napier* v. *Little*, 137 *Ga.* 242 (73 S. E. 3, 38 L. R. A. (N. S.) 91, Ann. Cas. 1913A, 1013). The deeds here conveyed the home place, and the parol testimony undertook to show what land the home place comprised; and that being so, there was no error in admitting the deeds in evidence. See *Tolbert* v. *Short*, 150 *Ga.* 413 (104 S. E. 245).

■ Ground 8 assigns error on the failure of the court to charge the jury on the question of the validity of said deeds, under the evidence submitted. No question is raised as to the validity of the execution of the deeds, but only that the description of the land is vague and indefinite. A plat of the land is attached to this ground of the motion for new trial. It will be observed that the exception is to the failure of the court to charge as "to the question of the validity of said deeds under the evidence submitted." This exception is too indefinite to raise any question for decision by this court.

■ In the 9th ground movants contend that the court erred in not charging the jury as follows: "I charge you that the plaintiffs would have a good title to all the lands embraced in the deed from B. H. Manry to them that is not included and described in the security deed to the Farmers Bank, so far as this case is concerned, though they might have known of the security deed from B. H. Manry to the Farmers Bank when they obtained their deed. On the contrary they would not have acquired a good title to that part of the land described and included in the Farmers Bank security deed, unless they bought the land for full value and without notice of the Farmers Bank deed." In a note to this ground the judge states: "There was no request made to give this charge." The failure to so charge was not error, as the issues in the case did not require such a charge.

■ Ground 10 excepts to the verdict, because "it is the result of bias and prejudice on the part of the jury, for the reason that said

verdict is contrary to the evidence, against the weight of the evidence, and without evidence to support it." The verdict is supported by the evidence, and there is nothing in the record to indicate that the verdict was the result of bias and prejudice on the part of the jury. The court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*