WALKER *et al.,* trustees, *v.* FUL-KALB INC.

No. 10856.   DECEMBER 14, 1935.   REHEARING DENIED JANUARY 18, 1936.

*James L. & Will G. Moore,* for plaintiffs.

*George G. Finch, William G. McRae,* and *H. C. Holbrook,* for defendants.

ATKINSON, Justice. ■ In the bill of exceptions named persons "as trustees for Saint Luke's Baptist Church" were designated "as plaintiffs in error." In an affidavit made to avoid payment of costs in bringing the case to the Supreme Court the named persons stated "that their counsel has advised them that they have a good cause for writ of error, and say that they are unable because of their poverty to pay the costs, or give the security for the eventual condemnation-money in said case." Construed most strongly against the plaintiffs in error, their affidavit refers to individual poverty and inability to pay costs or give security, as distinguished from poverty and inability of the church, and consequently is insufficient to meet the requirements of the Code of 1910, §§ 6166, 6232 (Code of 1933, §§ 6-1004, 24-4522) ; *Barfield* v. *Hartley,* 108 *Ga.* 435 (33 S. E. 1010) ; *Hawes* v. *Bank of Elberton,* 124 *Ga.* 567 (52 S. E. 922).

■ At an interlocutory hearing the judge, after introduction of evidence, entered a judgment dissolving a former restraining order and refusing an interlocutory injunction. A bill of exceptions will lie to the grant or refusal of an interlocutory injunction (Code of 1910, § 5502; Code of 1933, § 55-202). There is no merit in the motion to dismiss the writ of error on the ground that "there is no exception taken to any final decree or order, and no exception taken to any ruling, judgment, or decree which, if ruled as contended for by the plaintiffs in error, would have constituted a final determination of the cause." *Brindle* v. *Goswick,* 162 *Ga.* 432 (134 S. E. 83). This case differs from *Edwards* v. *Davis,* 173 *Ga.* 813 (161 S. E. 607), and other similar cases, where the exception was to an order revoking a former restraining order, but not to an order granting or refusing an interlocutory injunction.

■ On its substantial features this case is controlled by the decision in *Walker* v. *Ful-Kalb Inc.,* ante, 563. It follows that the court erred in refusing an interlocutory injunction.

*Judgment reversed. All the Justices concur.*