GLENN O. WYNNE, plaintiff in error, vs. R. H. LUMPKIN, and others, defendants in error.

[1.] Generally, the county of a person's residence is the one in which to locate a suit against him in Equity. Where, however, there are several defendants, and substantial relif is prayed against all of them, the suit may be brought w iere any one of them re-ides. Thus, where a bill charges a trustee with making a fraudulent sale o lands, and both the vend ·e and the tenant of the vendee are sued with him, relief being prayed against them all, the Court n the county of the ten int's residence has jurisdiction of the whole cause, and o all the parties.

[2.] Equity will canc ·l an illegal deed that forms a cloud upon the true title.

[3 ] The bill, in this cas ', was not multifarious. All the defendants were proper parties, and there was but a single subject matter.

In Equity.    In Oglethorpe Superior Court.    Demurrer. Decided by Judge HOOK.    April Term, 1866.

By the will of John Wynne, dated in 1856, certain property, including a tract of land in Oglethorpe county, was left to his wife for life, " and after her death, such as may be then in her possession, and not previously sold or disposed of by her, to be divided " among his sons Thomas, Glenn, and George, his granddaughter Susannah Stevens, and the

two children of his deceased son William, the last to take *per stirpes.*

The share of Thomas was to vest in the said Glenn in trust, for the support and maintenance of Thomas and his children, free from the contracts, liabilities and control of Thomas, and at his death to be equally divided among his children then living, and the representatives of any that might be deceased, such representatives to take *per stirpes.*

The will was admitted to probate; the executors qualified, and afterwards obtained letters of dismission. The testator's son George died without issue. Subsequently, the tenant for life died, leaving the tract of land undisposed of. Letters of administration *de bonis non*, with the will annexed, were granted to the testator's son Glenn, who is a resident of Coweta county. In 1864, Patrick M. Stevens, (the father of Susannah, the testator's granddaughter,) Sarah F. Wynne, (the mother of the two children of the testator's deceased son William,) and Thomas Wynne, the testator's son, all residents of Oglethorpe county, combining to aid and abet the said administrator in illegally selling said land, obligated themselves in a bond to hold him harmless, should he make such sale without proper authority from the proper Court. The administrator then, without said authority, sold and conveyed the land, for spurious money, which soon afterwards became utterly worthless, to John G. Crane, then and now of the State of South Carolina, who purchased with notice that the sale was unauthorized by the will of the testator or the laws of Georgia, and who was in collusion with the administrator and the parties to the aforesaid bond, to misapply the assets of the testator's estate, and defeat the interest of Thomas Wynne's children, William Wynne's children, and the said Susannah Stevens, therein.

Under the said deed of conveyance to him, and with the consent, and by the procurement, of the administrator and the other three confederates, the said Crane went into possession of the land, and placed thereon, as tenant under him, one William R. Perteet, who still resides thereon, and who,

by his engagement with Crane, his landlord, will pay the rents and profits to him, and they will thus pass beyond the limits of this State.

A daughter of Thomas Wynne intermarried with Robert H. Lumpkin. The other children of Thomas, as well as the two children of William Wynne, deceased, and also the testator's granddaughter, Susannah Stevens, are all minors.

The present bill was filed by Lumpkin and wife, and by Lumpkin as the next friend of all of said minors, against Glenn Wynne, Thomas Wynne, Patrick M. Stevens, Sarah F. Wynne, John G. Crane, and William R. Perteet, alleging the foregoing facts; and, moreover, that the complainants know not whether those of the defendants residing in Georgia are solvent, but believe that the late emancipation of slaves has so damaged the estate of each that by reason of their many outstanding liabilities, the complainants will be benefitted by no decree except such as may be enforced upon the said land, and the rents and profits thereof, three-fourths of which the complainants claim as their property.

The bill prayed:

1. That Perteet, the tenant, be enjoined from paying over to Crane the rents and profits; that a receiver be appointed to take and hold the same, and to rent out the land, collect the rents. &c., until a final decree.

2. That the sale to Crane be rescinded and declared null and void, and the deed to him be cancelled; or, if good to convey the interest of Glenn and Thomas Wynne in said land, and its total cancellation would be injurious to Crane, that then the deed be declared null as to complainants' interest, and Crane be perpetually enjoined from claiming such interest under the same.

3. That the defendants account for the rents and profits accruing since the sale.

4. That the land be partitioned into four parts, and one of them assigned to Thomas Wynne and his children, subject to the provisions of the will, one to the two children of William Wynne, deceased, and one to Susannah Stevens.

5. That should other relief be denied, then that the defendants (except Perteet, the tenant,) be decreed to account for the true value of the land, with damages for withholding it.

6. For general relief.

7. For discovery from Perteet, the tenant, all discovery from the other defendants being expressly waived.

The defendant Glenn Wynne, alone, demurred to the bill on divers grounds:

1. (As to any relief sought against him as trustee for Thomas Wynne and his children) for want of jurisdiction in the Court, he, the defendant, being a resident of Coweta county.

2. For multifariousness.

3. For want of title in the complainants Lumpkin and wife and the children of Thomas Wynne, to the subject matter of the bill.

4. For want of such title in any of the complainants, and because, as to the minors, the bill should have been brought by their guardians.

5. For want of title in Lumpkin and wife to the rents and profits.

6. Because there is an adequate remedy at law.

7. For want of equity in the bill.

The demurrer was overruled by the Court; and this is complained of as error.

BUCHANAN, for plaintiff in error.

MATHEWS and REID, AKERMAN and BARROW, for defendants.

In this case Chief Justice Lumpkin did not preside, being related to one of the parties.

HARRIS, J.

[1.] The chief question made by the bill of exceptions is,

whether the Superior Court of Oglethorpe county had rightful jurisdiction over Glenn Wynne, of Coweta county, one of the defendants.

As a general rule, a defendant has a constitutional right to be sued in the county of his residence, and not to be dragged to answer at a remote tribunal at the pleasure or will of a complainant. A most valuable privilege, which we will be careful not to endanger. Glenn Wynne is charged by the bill of complainants with conspiring and colluding with John G. Crane, of South Carolina, to defeat the interest of complainants in land sold to said Crane by him as administrator, such sale being unauthorized by the will of John Wynne or the laws of the State; as also in the misapplication of the assets of the testator's estate, and that Crane purchased with notice, and that Glenn Wynne illegally made to him a deed for the land, &c. These facts are admitted by the demurrer. Perteet, the tenant of Crane, residing in Oglethorpe, is a party defendant, and, as relief is sought from him, complainants were enabled to institute their suit properly in that county. If Glenn Wynne did make, as alleged, an illegal conveyance of land in which complainants were interested, to Crane, and that conveyance stood in the way of the complete assertion of their rights under the will of John Wynne, it is difficult to perceive how full relief could have been obtained anywhere without acting on Glenn Wynne. His connexion with Crane and tenant was of such a kind in law as to make him a necessary party ; and if the jurisdiction of the Superior Court of Oglethorpe over Perteet, as tentant of Crane, was rightful, we are not able to perceive why it was not rightful also over Glenn O. Wynne.

[2.] We apprehend that is the office and duty of a Court of Equity to cause the deed made by Glenn O. Wynne to Crane, if illegal, or unauthorized, or if in any way it clouds or obstructs the title of complainants to the land under the will of John Wynne, to be cancelled.

[3.] Nor are we enabled to consider the bill in this case, in any proper sense, as multifarious ; the transactions all

grow out of the sale of the land, and all the parties are inti-
mately connected with, or concerned in them, and are con-
sequently proper parties in reference to a proper subject
matter.

We therefore affirm the judgment overruling the demur-
rer.