SAYER *et al. v.* BENNETT, superintendent of banks, *et al.*

HINES, J. The plaintiffs filed their equitable petition against the Planters Bank of Carlton, the directors of said bank, and T. R. Bennett as superintendent of banks. They alleged, that said superintendent of banks has and maintains an office for the transaction of business in the County of Fulton, State of Georgia, and that the other defendants are residents of the County of Madison; that said superintendent of banks has taken charge of said bank for the purpose of liquidation and has levied an assessment of 50 per cent. against them and other stockholders of said bank; that said levy is illegal because section 20, article 7, of the act creating the Department of Banking, under which said levy was made, is unconstitutional and void, because it violates the due-process clauses of the State and Federal constitutions, in that it does not provide for notice to stockholders and an opportunity to be heard before assessments are levied thereunder; that, if said bank is insolvent and if they are liable for said assessments, they are entitled to recover from said directors a sum equal to double the amount of their stock, by virtue of the fact that said bank had sustained losses amounting to $38,030.23, due to their mismanagement of its affairs, growing out of their failure to exercise ordinary care and diligence in the supervision of the business of said bank. They prayed that the superintendent of banks be restrained from issuing executions against them for said assessments, and from making any further assessments against them; and for judgment against said directors for the amount of the face value of their stock, and for any assessments for which they might be found liable after a hearing. The superintendent of banks demurred to said petition upon the grounds: (1) that no cause of action is set out; (2) that there is no equity in said petition; (3) that before the plaintiffs can invoke the aid of a court of equity they must do equity by tendering to the superintendent of banks the amounts for which they are liable as stockholders to depositors; (4) that the superior court of Madison County has no jurisdiction of this defendant; (5) that the petition is multifarious, in that there is a misjoinder of parties defendant and of causes of action; and (6) that it is not shown how, in what manner, or for what reason plaintiffs have the right to ask this court to enjoin this defendant from issuing executions and levying the same upon the stockholders of this bank. The superintendent answered the petition; but the averments of the answer are not necessary to a decision of the points raised in this case. The other defendants neither demurred nor answered. On the hearing of the application for injunction the trial judge held that said section of the act creating the Banking Department of this State was constitutional; that the petition was multifarious, in that there was a misjoinder of parties defendant and of causes of action; and that the superior court of Madison County had no jurisdiction of the superintendent of banks. The court denied an interlocutory injunction; to which judgment plaintiffs excepted. *Held:*

1. One of the questions for decision by a full bench of six Justices being whether section 20 of article 7 of the act creating the Department of Banking of this State (Acts 1919, p. 160) is unconstitutional, and the

24

Justices being evenly divided in opinion, Russell, C. J., and Hill and Gilbert, JJ., being of the opinion that said section of said act is unconstitutional, .and Beck, P. J., and Atkinson and Hines, JJ., being of the opinion that the same' is constitutional, the judgment of the court below upon this point stands affirmed by operation of law.

2. The petition is multifarious, because there is a misjoinder of parties defendant and of causes of action, the superintendent of banks and the directors of the Planters Bank of Carlton being improperly joined; and the cause of action against the superintendent of banks and the cause of action against these directors being separate and distinct causes of action, for which reason they could not be joined. Civil Code (1910), § 5515; *Hawkins* v. *Georgia & Alabama Railway,* 108 *Ga.* 784 (33 S. E. 682). There is no matter in the suit which is common to all the defendants, and with which each defendant is connected with the others. *Blaisdell* v. *Bohr,* 68 *Ga.* 56. The principle that, though there may be a misjoinder of parties defendant in equity, a defendant against whom there is a sufficient complaint can not object that others who have no interest in the subject-matter of the suit are made defendants, unless his interests are affected thereby (*Lowery Lock Co.* v. *Wright,* 154 *Ga.* 867, 115 S. E. 801), is inapplicable, because there is no sufficient complaint set out against the objecting defendant.

3. The residence of the superintendent of banks is fixed by law at the State Capitol. 8 Park's Code, § 2263(h); Acts 1919, p. 140. Suits in equity must be brought in the county of the residence of a defendant against whom substantial relief is prayed. Civil Code (1910), § 6540. To give a court of equity jurisdiction of a non-resident defendant, such substantial relief must be such as can be jointly enforced against the resident defendant and the non-resident defendant. A separate and distinct equitable cause of action against the resident defendant will not give the superior court of the county of his residence jurisdiction of a non-resident defendant against whom the plaintiff has another, independent, separate and distinct equitable cause of action. See *Bird* v. *Trapnell,* 147 *Ga.* 50 (5) (92 S. E. 872); *A., B. & A. R. Co.* v. *Smith,* 148 *Ga.* 282 (2) (96 S. E. 562); *Fourth National Bank* v. *Mooty,* 143 *Ga.* 137 (84 S. E. 546). So the superior court of Madison County had no jurisdiction of the superintendent of banks, who did not reside in that county.

(*a*) There is nothing to the contrary of what we here hold in *Berrien County Bank* v. *Alexander,* 154 *Ga.* 775 (115 S. E. 648), in which case we were dealing only with the venue of a suit under section 8 of article 7 of the act creating the State Banking Department.

4. Applying the above principles, the court did not err in refusing to grant an injunction.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Hill, J., dissenting.*

*John J. Strickland* and *Rupert A. Brown,* for plaintiffs.

*Clarence E. Adams* and *C. N. Davie,* for defendants.