1. A suit to enjoin a sale of land, and to cancel a security deed thereon, is not a suit respecting title to land within the meaning of the constitution of this State, art. 6, sec. 16, par. 2 (Code, § 2-4302), but an equity case.
2. Under the constitution, art. 6, sec. 16, par. 3 (Code, § 2-4303), equity cases must be brought in the county wherein resides a defendant against whom substantial relief is prayed. This means substantial equitable relief.
3. The domicile of a domestic corporation is the county in which its principal office is located.
(a) It will not be presumed on demurrer, in the absence of an allegation to the contrary, that as to a corporation created by the superior court its domicile is in a county other than that where its charter was granted.
(b) This result is not altered by the fact that most of its business is transacted in, and its managing official resides in, a different county.
4. No cause of action is stated in a petition which states mere legal conclusions with no facts alleged on which to base them; nor will the use of epithets supply the place of facts; nor are general and loose allegations, consisting merely of the statement of conclusions, without averring the facts upon which the conclusions are based, sufficiently definite to raise an issue. The petition in the instant case does not contain sufficient allegations to afford a basis for the grant of any substantial equitable relief against the only defendant shown to be a resident of the county wherein the suit is brought.
5. The court being without jurisdiction except as to the one defendant who under the allegations of the petition was a resident of the county in which the suit was brought, and no facts being alleged sufficient to show any right to equitable relief as against him, it was not erroneous to sustain a demurrer interposed by the non-resident defendants on the ground of want of jurisdiction.
6. In an equity suit where several persons are joined as defendants, whether or not substantial equitable relief is prayed against the only defendant shown by the petition to be a resident of the county wherein the suit is brought is not to be determined alone by the nature of the prayers against the sole resident defendant, but the petition itself must be looked to; and in the absence of allegations of fact necessary to support such prayers, the petition will not be construed as a suit whereof a court of the county of his residence has jurisdiction.
7. It was not error to sustain the ground of demurrer of the resident defendant, and to dismiss the action.
 No. 13809. SEPTEMBER 9, 1941. REHEARING DENIED OCTOBER 14, 1941.
L. S. Fowler and Mrs. Louise C. Fowler filed in Baldwin superior court their petition against Southern Airlines Inc., E. W. Romberger, H. T. Dobbs, and two other defendants. It is alleged, that *Page 846 
Southern Airlines Inc. is a Georgia corporation, having been chartered by the superior court of Fulton County, but having its present office in Baldwin County, the present officers of the corporation residing in said county, and its main business being performed therein; that Laird, its president and treasurer, resides and has his office in said county; that Romberger, its vice-president and general manager and the person charged with its general management, is an actual resident of Baldwin County and maintains the office of the corporation in Baldwin County; that Dobbs resides in DeKalb County, and the other two defendants in Fulton County; that petitioners are majority stockholders in said corporation; that recently they learned that an alleged security deed had been executed and recorded and been delivered to Dobbs; that this deed was void, because it was a fraudulent and fictitious transaction and made without consideration; that an advertisement is now running in which it is stated that the property described in the advertisement and in the deed will be sold on the first Tuesday in April 1941. No security deed is attached to the petition, but it is referred to as having been "recorded in the office of the clerk of the superior court," in "deed book 26, pages 32-34," and as being "hereto attached by reference." A copy of the advertisement of the sale is set forth as an exhibit. It discloses that the realty is situated in Baldwin County, and that the property is to be sold, by H. T. Dobbs as attorney in fact for Southern Airlines Inc., as the property of Southern Airlines Inc., under the powers and authority contained in a certain deed to secure debt from Southern Airlines Inc. to H. T. Dobbs, dated May 11, 1940, pages 32, 33, and 34 of Baldwin County records. It is alleged, that the attempted foreclosure is premature and therefore void, because under the deed the indebtedness, if any, would not be due until May 11, 1941; that a second security deed to Dobbs was executed, which is also characterized as fraudulent, this being signed by the corporation by Laird as president and Romberger as vice-president, "and no actual consideration given for the execution of either of them." The petition contains further allegations as follows:
That the corporation acting through its alleged officers and directors, and also acting jointly with Romberger, has conspired with the other named defendants outside of Baldwin County to defraud said corporation, petitioners and other stockholders; that the "defendants *Page 847 
are conniving and conspiring together to sell the land and improvements in this county, the moving stock, the stock of the corporation, and generally to dissipate the property of the corporation and turn it over to Dobbs and others including themselves." Aside from a reference to "the fraud and conspiracy of all the defendants," and that the defendants have been maneuvering the stock books of the corporation and altering the records to show an entirely different financial situation, the only other allegations made as to Romberger are, that he "is a promoting tool of the Fulton and DeKalb Counties schemers named as defendants herein," and that he has very little, if any, stock in the corporation, and that it is not to be the best interest of the corporation for him to handle its affairs; that he is a man of temperamental disposition, unreliable, and given to making rash and unreasonable statements, is either a man of ungovernable temper or a very big bluffer; that his conduct has been making him a public nuisance in Milledgeville, etc. Among the prayers were that the sale be enjoined, the security deeds canceled, the defendants be enjoined from disposing of any other property of the corporation except in the normal operation of its flying school, and that "judgments be rendered against the defendants or any or all of them in whatever sums or amounts that property of the corporation may have been wasted by them;" and for such other and further relief, etc. The specific prayers against Romberger were, that he be enjoined from further obnoxious conversation with the public about the affairs of the corporation, and be enjoined from accosting petitioners or their attorneys or making any further threats or otherwise injuring the corporation or others connected with it in any way; and that he be enjoined from interfering or disposing of any of his property either real or personal, for the better protection of the bringing of actions for any damages that he may have already caused.
The defendants filed demurrers general and special. All of them raised the point that on its face the petition showed that the superior court of Baldwin County had no jurisdiction. The judge sustained the demurrers and dismissed the action. The plaintiffs excepted.
1. For the proposition stated in the first headnote the cases of Bird v. Trapnell, 147 Ga. 50 *Page 848 
(92 S.E. 872), and Babson v. McEachin, 147 Ga. 143
(93 S.E. 292), are directly in point, and it requires no further discussion.
2. The ruling in the second headnote is controlled by the cases of Wright v. Trammell, 176 Ga. 84 (166 S.E. 866), and cit., and Kinney v. Crow, 186 Ga. 851 (2-a) (199 S.E. 198), and does not need to be elaborated.
3. The petition states that the application for charter for the defendant Southern Airlines Inc. was filed on March 1, 1937, in Fulton superior court, and that it was chartered by the superior court of Fulton County, Georgia. It is also averred that it has its present office in Baldwin County, and that its officers reside and have their offices and business places of the corporation in Baldwin County, and further that its main business is performed therein. The charter itself is not set forth, nor the date when granted. There is no averment that its charter specifies where its principal office is to be located, or that its corporate domicile is in Baldwin County. It is averred that "this corporation is subject to the jurisdiction of this court," which is but a legal conclusion, with no facts on which to base the same except those heretofore recited. Its charter was granted before January 28, 1938, the date of the approval of the corporation act of 1938 (Ga. Laws Ex. Sess. 1937-8, p. 214 et seq.). That act provides that the application for charter shall be presented to the judge of the superior court of the county in which the principal office of the corporation is to be located. The previous law (Code § 22-302) did not in express terms require that the application should be filed in the county where the principal office was to be located, but was in the following language: "The persons desiring the charter shall file in the office of the clerk of the superior court of the county in which they desire to transact business, a petition or declaration, specifying the object of their association, and the particular business they propose to carry on, together with their corporate name, and the amount of capital to be employed by them actually paid in, and their place of doing business, and the time, not exceeding 20 years, for which they desire to be incorporated."
The location of the office wherein are conducted the management and control of the corporate affairs proper, and where its stockholders meet for that purpose, is usually the domicile of the corporation, even though its officers reside elsewhere and the work *Page 849 
necessary to effectuate the purposes of the corporation is carried on at an entirely different place. Compare Jossey v.Georgia Alabama Ry. Co., 102 Ga. 706 (28 S.E. 273);McCandless v. Inland Acid Co., 115 Ga. 968, 977
(42 S.E. 449); McClellan v. American Tie Timber Co., 135 Ga. 370
(69 S.E. 486); U.S. Fidelity Guaranty Co. v. Lawrence,184 Ga. 83, 85 (190 S.E. 316); Georgia Fire Insurance Co. v.Cedartown, 134 Ga. 87, 92 (67 S.E. 410, 19 Ann. Cas. 954), and cit. Pleadings are to be construed most strongly against the pleader. It must be held that it is not made to appear that the corporate defendant is a resident of Baldwin County.
4. The specific relief sought against the resident defendant alone is contained in prayers (h) and (i), both of which are copied in the statement of facts which precedes this opinion. The one praying that he be enjoined from disposing of his own personal property can not be granted, first, because no necessity for this is shown in order to protect the plaintiffs; second, the petition sets forth no facts justifying a suit against him "for any damages that he may have already caused;" and third, the plaintiffs are not lien creditors, and set forth no reason why there should not be applied the principle stated in the Code, § 55-106, as follows: "Creditors without lien may not, as a general rule, enjoin their debtors from disposing of property, nor obtain injunction or other extraordinary relief in equity." The petition contains no recital of facts which would justify any of the relief prayed against him in the other specific prayer. Not even the nature of what the pleader terms the obnoxious conversation with the public about the officers of the corporation is given. The allegation of merely the "accosting" of petitioners or their attorneys is not sufficient, nor is that part of the prayer that he be enjoined from making any further threats or otherwise injuring the corporation or others connected with it. There is no allegation, except in the most general terms, that he ever threatened to injure the corporation. It is alleged that "The many false statements being made by Romberger is tending to cause the public to lose confidence in the corporation," but not a single statement is set forth. The only basis for the prayer that he be enjoined from "making any further threats" is the allegation that "he has been making a lot of threats as to physical violence that he was going to attempt upon one of the petitioners and his attorney." *Page 850 
The prayer is, not that he be enjoined from executing these threats of physical violence, but from "making any further threats." It is not alleged that he ever attempted to execute the threats already made; it is not alleged whether these threats were recent or in time remote, the circumstances under which they were made, or of what the threat consisted; and it is not even averred that petitioners have reason to believe that he will make any further threats. In Jones v. Ezell, 134 Ga. 553
(68 S.E. 303), quoted approvingly in Harper v. Lindsey, 162 Ga. 44,47 (132 S.E. 639), where the statement about to be quoted was referred to as a general rule on the subject, it was remarked: "General and loose allegations, consisting merely of the statement of conclusions, without averring the facts upon which the conclusions are based, are too indefinite to raise an issue." In Callan Court Co. v. Citizens Southern Bank,184 Ga. 87, 126 (190 S.E. 831), it was observed: "The demurrer admits to be true only properly pleaded allegations. It does not admit opinions or conclusions of the pleader. Code, § 81-304;Southern Ry. Co. v. Covenia, 100 Ga. 46 (29 S.E. 219, 40 L.R.A. 253, 62 Am. St. R. 312); Brown v. MassachusettsMills, 7 Ga. App. 642 (67 S.E. 832)." The general rule on this subject was again referred to and applied in Marlin v.Hill, 192 Ga. 434 (15 S.E.2d 473, 477), where other authorities are cited. Referring to so much of the petition as relates to the defendant Romberger, it is not intended to deal with a declaration which imperfectly states a cause of action, or which fails to describe a transaction with sufficient particularity or certainty, or which does not fully inform the defendant as to an essential ingredient of the case in order to fix liability on him, or which has other merely structural defects which should be attacked, if at all, by special demurrer; but the court is dealing with a petition which is lacking in any statement of facts sufficient to justify the grant of any of the relief prayed for. A characterization of the conduct of the defendant can not serve as a statement of facts. The pleader must set forth what the conduct consisted of. When charges are made, the pleading should disclose the foundation on which they are made. "The use of epithets, however bountifully multiplied, will not supply the place of facts." Tolbert v. CaledonianInsurance Co., 101 Ga. 741, 746 (28 S.E. 991).
5. It was not contemplated by the framers of the constitution, *Page 851 
in fixing the venue of equity suits, that non-residents could be made to litigate in one county issues between them and the plaintiffs solely on account of the joinder of a resident defendant against whom there was a prayer for equitable relief. The mere fact of praying for an injunction against a defendant does not in all events confer the right to file the equitable petition in the county of his residence, or to draw to that county residents of other counties. Railroad Commission v.Palmer Hardware Co., 124 Ga. 633 (53 S.E. 193); FirstNational Bank of Atlanta v. Holderness, 189 Ga. 819
(7 S.E.2d 682). A prayer can not fix the character of a suit. Hirsch
v. Northwestern Mutual Life Insurance Co., 191 Ga. 524
(13 S.E.2d 165). In order to confer on the court of a particular county jurisdiction to hear and determine an issue between the plaintiff and a non-resident defendant it is essential that the plaintiff present a case showing grounds for the equitable relief sought against the resident defendant. It has frequently been held that where a non-resident is sued jointly with a resident in the county of the latter's residence, and on the trial the proof shows that the plaintiff is not entitled to recover against the resident defendant, the court, in that suit, can grant no relief against the non-resident defendant. Rounsaville v. McGinnis,93 Ga. 579 (21 S.E. 123); Hamilton v. DuPre, 111 Ga. 819
(2) (35 S.E. 684); Central of Georgia Ry. Co. v. Brown,113 Ga. 414 (3) (38 S.E. 989, 84 Am. St. R. 250); Warren v.Rushing, 144 Ga. 612 (87 S.E. 775). The principle underlying the rule announced in the cases just cited supports the proposition that if the petition itself sets out no case for equitable relief against the sole resident defendant, it should not be retained as a suit against the non-resident defendants. InMackall v. West, 67 Ga. 278, 281, in delivering the opinion of this court in affirming the action of the trial court in denying relief to a plaintiff against non-resident defendants, Chief Justice Jackson used the following language: "and if distinct and separate relief be asked against the different defendants on distinct claims and different grounds, and if the only beneficial effect to him [the plaintiff] seems from the general countenance of the bill to be to draw defendants against whom substantial relief is prayed out of their county by connecting with them, on vague allegations, others against whom, to say the least, no specific relief could well be had from the facts alleged, we must affirm the judgment, and *Page 852 
leave him to his remedies at law." See Fourth National Bank ofColumbus v. Mooty, 143 Ga. 137 (84 S.E. 546); Bird v.Trapnell, 147 Ga. 50 (supra); Parker v. Parker, 148 Ga. 196
(96 S.E. 211); Wilson v. Ward, 149 Ga. 325
(100 S.E. 205); and particularly the case of Sayer v. Bennett,159 Ga. 369 (125 S.E. 855), where it was ruled that "A separate and distinct equitable cause of action against the resident defendant will not give the superior court of the county of his residence jurisdiction of a non-resident against whom the plaintiff has another, independent, separate and distinct equitable cause of action." It accordingly must be held that the petition stated no such case against the sole resident defendant as will give the court of the county of his residence jurisdiction of the non-resident defendants.
6. The ruling announced in the sixth headnote logically follows upon application of the preceding rulings.
7. It was not error to sustain the general demurrer of the resident defendant, and to dismiss the action.
Judgment affirmed. All the Justices concur, except Duckworth,J., disqualified.