## 32968. BRAWNER *v.* GUYTON.

DECIDED MAY 12, 1950.

*J. L. Davis, William A. Ingram,* for plaintiff in error.
*Claude C. Pittman,* contra.

GARDNER, J.  The only question before this court is, was the petition sufficient to withstand a general demurrer?  Counsel for the defendant calls our attention to *Fowler* v. *Southern Airlines Inc.,* 192 *Ga.* 845 (4) (16 S. E. 2d, 897), in which the court said:  "No cause of action is stated in a petition which states mere legal conclusions with no facts alleged on which to base them; nor will the use of epithets supply the place of facts; nor are general and loose allegations, consisting merely of the statement of conclusions, without averring the facts upon which the conclusions are based, sufficiently definite to raise an issue."

Counsel also calls our attention to *Jones* v. *Ezell,* 134 *Ga.* 553 (5) (68 S. E. 303):  "General and loose allegations, consisting merely of the statement of conclusions, without averring the facts upon which the conclusions are based, are too indefinite to raise an issue."

Counsel further calls our attention to the case of *Armour & Co.* v. *Miller,* 39 *Ga. App.* 228 (3) (147 S. E. 184):  "In pleading his case the plaintiff must set forth wherein the defendant was negligent, and a mere general averment that he was negligent in furnishing an unwholesome food product will not be sufficient.  While the doctrine res ipsa loquitur may, in a proper case, be invoked as a rule of evidence to aid in proving the case as laid, it can not be relied upon as an aid to defective pleadings."

We have read all of the cases cited above, and when we compare the allegations of fact of the petitions in the cases set forth above, we think that the allegations of fact in the instant case are quite different from the allegations of fact in the cases cited. The excerpts from the Supreme Court cases as set forth as we have hereinabove quoted are generally correct as abstract principles of law, but we think that a careful reading of those cases will reveal that the attack was made by a special demurrer and not by a general demurrer. They were equity cases, if we interpret aright, the general statements as quoted have reference to an ·attack by a special demurrer and not by general demurrer only, as appears in the instant case. The case of *Armour & Co. v. Miller*, supra, as expressed in headnote 3 was also written in the light of an attack by a special demurrer and not by general demurrer. Judge Jenkins who rendered the decision in that case in the course of his discussion in division 3 of the opinion said this: "As was said by the Supreme Court in the *Hudgins* case [122 *Ga.* 695, 50 S. E. 974], in ruling that a mere general averment of negligence will not suffice when called upon by special demurrer to specify the particulars thereof: 'Of course there are limitations to this rule and cases arise where the line must be drawn. The plaintiff must not be too general, and the defendant must not be too particular.'"

Upon a study of the cases cited, regarding their facts and pleadings, as compared with the instant case under its alleged facts and pleadings, we do not think the court erred in overruling the general demurrer. Code § 105-1302 authorizes the widow to recover for the homicide of her husband. The question of negligence, ordinary care, and the amount of the recovery, is a jury question. The petition in the instant case alleges, in general terms at least, how the husband of the plaintiff came to his death; that it was the negligence of the defendant in pointing a pistol at the deceased and firing therefrom a bullet into the body of the deceased which caused his death. In such an action the plaintiff is not required to negative contributory negligence on the part of, in this case, the deceased. See, in this connection, *Fisher Motor Co.* v. *Seymour & Allen*, 9 *Ga. App.* 465 (1) (71 S. E. 764).

The Supreme Court, in *Boswell* v. *Barnhart*, 96 *Ga.* 521, 523

586

(23 S. E. 414), said: "Nor is it necessary, as contended by counsel for the plaintiff in error that such wrongful or negligent acts should be criminal in their nature, in order to render the employer [defendant] responsible. The act of 1887, supra, declares that the word 'homicide' as used therein shall be held to include all cases where the death of a human being results from a crime or from criminal 'or other negligence.' "

The court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*