18540. RYLEE *et al. v.* ABERNATHY *et al.*

SUBMITTED APRIL 12, 1954—DECIDED MAY 11, 1954—
REHEARING DENIED MAY 31, 1954.

*Frank B. Stow, Robert E. Andrews,* for plaintiffs in error.

*Telford, Wayne & Smith, H. W. Davis, J. B. G. Logan,* contra.

DUCKWORTH, Chief Justice. 1. In all actions to cancel deeds to land, the grantor and grantee therein are necessary parties. *Taylor* v. *Colley,* 138 *Ga.* 41 (74 S. E. 694); *Kehr* v. *Floyd & Co.,* 132 *Ga.* 626 (64 S. E. 673); *Brown* v. *Wilcox,* 147 *Ga.* 546 (94 S. E. 993); *Linder* v. *Ponder,* 209 *Ga.* 746 (75 S. E. 2d 814). Hence the court did not err in directing the jury that, under the evidence, the pleadings, and the law, the court has jurisdiction of Mrs. Chestalet Rylee and to disregard her plea to the jurisdiction. See Code (Ann.) §§ 2-4904, 2-4903; Code § 3-204; *Fowler* v. *Southern Airlines,* 192 *Ga.* 845 (16 S. E. 2d 897); *Ryner* v. *Duke,* 205 *Ga.* 280 (53 S. E. 2d 362). However, the court was in error in thus ruling out the plea to the jurisdiction of the defendant Thomas W. Rylee, the admitted nonresident, since there are no prayers, either for legal or equitable relief, which are common to the other defendants and to him. He has no interest in common with the defendants under the prayers for equitable relief, nor is the breach of warranty claim against his mother common to his alleged breach of warranty, since the suit is brought on two separate warranties, which may not be joined in

this action to give the court jurisdiction of this nonresident. Direction is therefore given that he be eliminated from the case, since, as a matter of law, his plea to the jurisdiction is good.

2. But since the temporary administrator of the estate of Mrs. Chestalet Rylee has been made a party to the action, we still have for decision his exception to the denial of the motion for new trial as amended. Several of the special grounds and the general grounds complain of the charge to the jury which was, in effect, that the action to cancel the deeds was barred due to the long lapse of time since they were recorded on the deed records of the county, and there was no issue to submit to the jury on the question of cancellation of these deeds, and the jury was to determine the amount of damages the plaintiff was entitled to recover for breach of warranty. This the judge should not have done, as it deprived the defendant of her defense to the breach of warranty suit. While it is true these deeds have been on record for a long period of time, the evidence does not disclose when the discovery of the fraud occurred, so that the period of limitations would begin to run and bar this action (*Harrison v. Holsenbeck*, 208 *Ga.* 410 (3), 67 S. E. 2d 311) ; and while parties in equity must be diligent or else be guilty of laches, there is no evidence here except that these deeds were of record and of the long lapse of time since recording, and there is no evidence that these defendants had knowledge of the record of these deeds, which is constructive rather than actual notice. There was other evidence that the property was being returned for taxes in the mother's name and various children had been paying the taxes, and the evidence is conflicting as to which of the parties had possession, and completely silent as to when the defendants had actual notice of the fraud from which the seven-year limitation would begin to run. While a duly recorded deed is presumptive evidence of its delivery, the presumption is rebuttable, and where there is evidence of non-delivery, an issue of fact arises, and it is for the jury to decide whether or not the deed was in fact delivered. *Allen v. Bemis*, 193 *Ga.* 556, 563 (19 S. E. 2d 516). Consequently, for this reason, the court erred in thus taking the question of cancellation of these deeds from the jury, and erred in refusing to grant the motion for new trial as amended.

3. One of the special grounds of the motion complains of the charge of the court that the jury should disregard the affidavit of forgery because Mrs. Chestalet Rylee had by deposition admitted she had signed the deed. Conceding but not deciding that the defendant, Thomas W. Rylee, might make an affidavit of forgery as to her deed, we do not think that the court erred in thus charging the jury, since the mother admitted the genuineness of her signature and she did not thereafter refute it as her signature.

For the reasons stated above the judgment must be reversed. *Judgment reversed with direction. All the Justices concur.*