## 19508. EMPIRE LAND COMPANY, INCORPORATED, *v.* STOKES *et al.*

ARGUED OCTOBER 8, 1956—DECIDED NOVEMBER 14, 1956.

*Powell, Goldstein, Frazer & Murphy, B. D. Murphy, C. B. Rogers,* for plaintiff in error.

*Harold R. Banke, Poole, Pearce & Hall, John J. Poole,* contra.

ALMAND, Justice. Marvin T. Stokes and Mary K. Stokes filed their petition in Clayton Superior Court against Mark B. Porter and Mrs. Martha L. Porter, residents of Clayton County, Georgia, and Empire Land Company, Inc., which "is a Georgia corporation and may be served by second original at its office" in Savannah, Georgia. It was alleged: On June 22, 1953, petitioners purchased from Mark B. Porter one acre of land in Clayton County, and immediately went into possession thereof, cultivating the same and erecting a valuable building thereon, and have at all times since the date of purchase been in the actual, open and exclusive possession of said land. On January 6, 1955, the defendant Mark B. Porter delivered to the plaintiffs a warranty deed to said tract, which was signed and attested on October 5, 1954, and on the following day said Porter stated that he wanted to keep the deed until the final purchase money was paid, and at

his request the plaintiffs returned to him the deed before recording the same. In July, 1954, and January, 1955, an agent of Empire Land Company, Inc., negotiated with the plaintiffs for the purchase of the one-acre tract, and on January 20, 1955, they entered into a written contract with said agent for the sale of all petitioners' property including the one-acre tract described in the deed from Porter to them. On or about March 31, 1955, the defendant Porter and his wife, Martha L. Porter, "fraudulently executed and delivered to The Empire Land Company, Inc.," a junior warranty deed, which was recorded on April 5, 1955, and said corporation received the deed with knowledge of said fraud, and that the deed from the Porters to said corporation contained in the description the one-acre tract which was contained in the warranty deed executed by the Porters to petitioners on October 5, 1954. On November 22, 1955, Mark B. Porter returned to petitioners their warranty deed to the one-acre tract which had been executed on October 5, 1954, and they placed this deed on record on November 25, 1955. The defendant corporation knew from adequate knowledge and notice it had received through its agent that title to the tract of land in question was in the petitioners, and it is fraud in the corporation in attempting to take advantage of the want of registry of petitioners' deed to defeat the outstanding title of petitioners by taking a conveyance to itself.

The prayers of the petition were: (a) that the court decree reformation of the deed from the Porters to the defendant corporation, so as to exclude the tract of one acre described in the deed from the Porters to Empire Land Company, Inc.; (b) that the court decree title to the "subject property to be in your petitioners so as to remove cloud on their title;" (c) that the defendants be restrained and enjoined from changing the status of the one-acre tract by selling, transferring, encumbering, or conveying the same, and from interfering with the property in any manner.

The defendant corporation filed its special plea to the jurisdiction, alleging that it was a Georgia corporation having its principal office and building in the City of Savannah, Chatham County, Georgia, and had no office, place of business, or agent in Clayton County. It also filed its general demurrer, on the ground

that the petition failed to set forth a cause of action, and demurred specially on the grounds that it appears from the petition that the corporation is a nonresident of Clayton County and substantial relief is sought only against the corporation; and that the plaintiffs have no standing to seek to reform a deed to which they are not parties.

The court overruled these general and special demurrers, and sustained the demurrer of the plaintiffs to the plea of the corporation to the jurisdiction. The corporation in a bill of exceptions assigns error on these orders.

■ It is not averred that Empire Land Company, Inc., which the petition alleges to be a Georgia corporation, has any office, agent, or place of business in Clayton County, and from the allegations of the petition it is apparent that the plaintiffs are attempting to join the corporation, a nonresident of Clayton County, with the other named defendants, as a party defendant, on the basis of their prayers against the resident defendants. The primary question for decision, therefore, is whether or not the petition contained prayers for substantial relief against the resident defendants or either of them, since all petitions for equitable relief must be filed in the county of the residence of one of the defendants against whom substantial relief is prayed. Code (Ann.) § 2-4903; Code § 3-202. This suit, not being one respecting title to land, but one seeking to have equity establish evidence of title, is not an action that must be brought in the superior court of the county where the land lies (*Owenby* v. *Stancil,* 190 *Ga.* 50 (1) 8 S. E. 2d 7), but must be brought in the county where one of the defendants against whom substantial relief is sought resides. *Martin* v. *Gaissert,* 134 *Ga.* 34 (1) (67 S. E. 536).

■ The petitioners prayed that the deed from the defendants Porter to Empire Land Company, Inc., be reformed so as to exclude the description in said deed of the one-acre tract of land which the Porters had previously conveyed to the petitioners. The petitioners, not being parties to the deed which is sought to be reformed, nor being privies in law, fact, or estate of the parties to such deed, are not in position to seek a reformation of said deed. Code § 37-213; *Hilton* v. *Hilton,* 202 *Ga.* 53 (1) (41 S. E. 2d 880). The trial court erred in overruling the demurrers of

Empire Land Company, Inc., which attacked the prayer for reformation.

■ The petitioners further prayed that the court decree title to the one-acre tract to be in them, so as to remove the cloud on their title. There are no allegations in the petition that the other defendants, the Porters, have any title or interest to this tract, or that they are asserting any claim thereto; but, on the contrary, it appears from the allegations that the contest of title is solely between the petitioners and the corporation, and that the petitioners are seeking to have equity declare that their title by virtue of the deed executed by the Porters to them, prior in date to the deed from the Porters to Empire Land Company, Inc., though recorded subsequently to the time the Empire Land Company, Inc., deed was recorded, is superior to the title of the corporation; and there being no prayer for any substantial relief against the resident defendants, the petition was subject to dismissal on general demurrer. *Grace* v. *Interstate Bond Co.*, 193 *Ga.* 810 (2) (20 S. E. 2d 131); *Screven County* v. *Reddy*, 208 *Ga.* 730 (2) (69 S. E. 2d 186).

■ The prayer of the petitioners for injunctive relief against each of the defendants, under the allegations of the petition, is insufficient to constitute a prayer for substantial relief. A nonresident defendant cannot be made to litigate in one county issues between him and the plaintiff solely on account of the joinder of a resident defendant against whom there are prayers for injunctive relief, if such prayers are merely collateral or incidental to the relief sought against the nonresident. *Ellis* v. *Farmer*, 119 *Ga.* 238 (46 S. E. 105); *Fowler* v. *Southern Airlines*, 192 *Ga.* 845 (6) (16 S. E. 2d 897). There are no allegations in the petition that the defendants Porter have any interest in the one-acre tract of land, or that they have in any manner interfered with or threatened to interfere with the plaintiffs' possession of the property.

It was error for the court to overrule the demurrers of Empire Land Company, Inc., and to sustain the demurrers of the plaintiff to the plea to the jurisdiction of the defendant corporation.

*Judgment reversed. All the Justices concur, except Wyatt, P. J., not participating.*