20269. HAYES *v.* HAYES, Administratrix, *et al.*

Argued November 10, 1958—Decided January 12, 1959.

*Stone & Stone,* for plaintiff in error.

*Custer & Kirbo, Phillip Sheffield, Peter Zack Geer, Jas. W. Bonner, Willis A. DuVall,* contra.

Almand, Justice. Mrs. W. J. Hayes, as administratrix of the estate of W. J. Hayes, deceased, filed in the Superior Court of Early County an equitable petition against Mrs. Clara Nell Hayes Jarrett, a resident of Early County, Dred Hayes, a resident of Clay County, and against two domestic banking corporations chartered by the State of Georgia. Defendant Dred Hayes filed demurrers questioning the jurisdiction of the Superior Court of Early County as to him. The court overruled the demurrers, and the defendant Hayes excepted.

The petition alleged the following material facts: The petitioner is the widow of the late W. J. Hayes, who died on July 14, 1958, and the administratrix of his estate. The defendant

Hayes is the decedent's brother, and defendant Jarrett, his niece. Approximately one and a half years prior to his death, the decedent became mentally incompetent to manage his business affairs, and during said period of incompetency, the defendants Hayes and Jarrett developed considerable influence over the decedent, and the defendant Hayes did voluntarily assume a position of trust and confidence in relation to the decedent and his business affairs. The defendants, Hayes and Jarrett, entered into a conspiracy to coerce, compel, influence, and trick W. J. Hayes into transferring his property over to said defendants; and Dred Hayes, in concert with Jarrett, took advantage of his position of trust and confidence and of his fiduciary relationship with said W. J. Hayes and did cause him in April of 1957 to transfer certain bank deposits into the name of "Dred Hayes-W. J. Hayes," and on April 3, 1957, to execute a deed to certain described real property to Dred Hayes, and, as a division between said fraudulent confederates, Dred Hayes in concert with Jarrett, on April 3, 1957, further caused W. J. Hayes to execute a deed to certain other described real property, and on May 1, 1957, a bill of sale to certain items of personal property to defendant Jarrett. It was alleged that there was no consideration for the transfers of title to the bank funds and the real and personal property; that possession of the property, both real and personal, remained in the said W. J. Hayes until his death; that plaintiff administratrix is now in possession of the property claimed by the defendant Jarrett; that the bank funds, real and personal property transferred to the defendants constituted the entire estate of W. J. Hayes; and that there are just and outstanding debts against the estate.

The petitioner's prayers were: that the deed to Dred Hayes be canceled, and he be enjoined from conveying or encumbering the property therein described; that the deed and bill of sale to Mrs. Jarrett be canceled, and that she be enjoined from conveying or encumbering the property therein described; that the petitioner recover from Dred Hayes all of the funds in the two banks, and that he be enjoined from transferring, withdrawing, or disposing of them; that it be decreed that all such funds were the property of W. J. Hayes at the time of his death; and that

title is now in the petitioner administratrix; and that the two banks be enjoined from permitting Dred Hayes to withdraw said funds.

The sole question for our determination is whether or not the Superior Court of Early County has jurisdiction of the defendant Dred Hayes in the present equitable action. The Constitution of Georgia, art. 6, sec. 14, par. 3 (Code, Ann., § 2-4903), provides: "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed"; and Code § 3-202 provides that "All petitions for equitable relief shall be filed in the county of the residence of one of the defendants against whom substantial relief is prayed . . ."; the words "substantial relief" therein used meaning substantial equitable relief. *Wright* v. *Trammell,* 176 *Ga.* 84 (166 S. E. 866); *Kinney* v. *Crow,* 186 *Ga.* 851 (2) (199 S. E. 198). If substantial relief is prayed against all defendants, the suit may be brought in the county of any one of the defendants. *Wynne* v. *Lumpkin,* 35 *Ga.* 208; *Lester* v. *Mathews,* 58 *Ga.* 403; *Austin* v. *Raiford,* 61 *Ga.* 125.

Counsel for the defendant Dred Hayes in his brief admits that substantial equitable relief is prayed against the resident defendant Jarrett, as well as against the defendant Hayes, but contends that said prayers are for separate and distinct relief as against each defendant, and that, under the rulings laid down in *Sayer* v. *Bennett,* 159 *Ga.* 369 (3) (125 S. E. 855), and *Rylee* v. *Abernathy,* 210 *Ga.* 673 (1) (82 S. E. 2d 220), the Superior Court of Early County did not have jurisdiction over him. In the *Sayer* case, supra, it was stated in headnote 3: "To give a court of equity jurisdiction of a non-resident defendant, such substantial relief must be such as can be jointly enforced against the resident defendant and the non-resident defendant." An analysis of this case, wherein the plaintiff in an equitable action sought money judgments against the directors of an insolvent bank in the Superior Court of Madison County, and injunctive relief against the Superintendent of Banks, whose official residence was in Fulton County, shows, however, that this statement was obiter dicta and unnecessary to the decision, for this court in headnote 2 of the opinion held the petition to be multifarious because

of a misjoinder of parties and of causes of action. The action being thus subject to dismissal because of multifariousness, whether the relief prayed for could have been jointly enforced, would not have prevented its dismissal. This case actually stands for the principle that venue of an equitable suit against a resident defendant gives no jurisdiction for a separate cause of action against a nonresident defendant. And while it was stated in headnote 1 of the *Rylee* case, supra, that, "In order to obtain jurisdiction of a defendant in a different county from that in which he resides, some of the prayers of the petition must be common to both the nonresident and the resident defendants," a complete reading of the opinion, holding the court to be without jurisdiction of the nonresident defendant, discloses that, even if the nonresident defendant had been a resident of the county in which the action was brought, a pleading of misjoinder would have resulted in the dismissal of the suit as to him, since the plaintiff in that case had sought legal relief against the non-resident defendant and a resident defendant for breach of warranty arising out of a separate deed with each defendant; and this court held that they could not be joined together, and the nonresident defendant had no interest in common with the other resident defendants against whom equitable relief was sought. The defendant further relies on the case of *Cowart* v. *Fender*, 137 *Ga.* 586 (1) (73 S. E. 822, Ann. Cas. 1913A 932), which also is clearly distinguishable from the instant case. In that case the plaintiff in an action of assumpsit for money had and received sought to recover separate judgments against two defendants, one a nonresident of the county in which the suit was brought, for money which he had paid, on account of' alleged conspiracy and fraud, to the defendants, who, however, did not jointly receive the money so obtained, but in different amounts and on different dates. This court held that a joint action in assumpsit was not maintainable to recover money not received jointly, and even if both defendants had been residents of the county, the result would have been the same.

In cases, as here, where substantial equitable relief is prayed against a resident defendant, the question of whether a defendant, who is a resident of another county but against whom

substantial equitable relief is also prayed, can be joined with the resident defendant, must be tested and determined by a consideration of the allegations in the petition and the prayers for relief. And if they disclose that there is no misjoinder of parties or of causes of action, it follows as a matter of course that the court has jurisdiction over the nonresident defendant.

In *Richardson* v. *Adams,* 99 *Ga.* 81 (24 S. E. 849), the plaintiff administrator brought an equitable suit seeking, among other relief, the cancellation of certain deeds to various defendants, alleging that the holders of the deeds sought to be canceled fraudulently conspired, and by importunities and persuasions induced the grantor to make said conveyances, he being at the time an old and infirm man, in an imbecile condition and not capable of making valid conveyances of property. The court held that the petition was not demurrable as being multifarious or because of misjoinder of parties, "although the relief prayed against some of the defendants was of a distinct character from that prayed against others, and as to many of them related to matters in which the other defendants had no interest or concern. The plaintiffs had a common interest as against all of the defendants, in having the affairs of the estate so adjusted as to enable them to properly administer it; and the several interests of the defendants were sufficiently connected to render all of them proper parties." And in *Persons* v. *Dallas,* 178 *Ga.* 778, 783 (174 S. E. 699), the court, while holding those portions of an equitable petition, filed by an administrator, which sought to recover separate parcels of real estate as being subject to demurrer for misjoinder of parties, stated: "While the petition is filed by the administrator of an estate, and all parts of the petition are confined to the one purpose of recovering the property and collection of debts due the estate, there is no allegation of conspiracy among the defendants, nor any other allegation affording any nexus whatever between them. There is no common interest between the defendants with respect to the suit." See also *Bowden* v. *Achor,* 95 *Ga.* 243(1) (22 S. E. 254), in which this court held: "An equitable petition, alleging that the plaintiff had been defrauded of certain described lots of land, or the value thereof, by a series of fraudulent and unconscion-

able acts perpetrated upon her by various persons named as defendants, the petition setting forth in detail a history of these acts and thereby showing that each and all of the defendants had more or less connection with the same, and in effect charging that the wrongs done her in the premises were the result of a conspiracy among the defendants in which they all to a greater or less extent participated, and praying for appropriate relief as to each, was not demurrable for multifariousness, or for misjoinder of parties, or for misjoinder of causes of action."

In the instant case the plaintiff administratrix alleged that the defendants, Hayes and Jarrett, entered into a conspiracy to fraudulently procure a transfer to them by the decedent of all of his real and personal estate, and that the confederates had made a division of the fruits of their conspiracy; and accordingly prayed for appropriate substantial equitable relief against each for the benefit of the estate. Under the rulings of the above three cited cases, a nexus between the defendants being alleged, and they being shown to have a common interest in the suit, and the action in substance being one to marshal the assets of the estate of the intestate by recovering from the defendants the properties of the intestate which it is alleged they received as a result of their joint and fraudulent acts—it is clear that the defendants were properly joined in the present equitable suit and that venue of that suit was laid in a county where one of the defendants resided against whom substantial equitable relief was prayed. Therefore the court below did not err in overruling the demurrers of the defendant Dred Hayes.

*Judgment affirmed. All the Justices concur.*