## 21833. PEARSON v. WALKER.

DUCKWORTH, Chief Justice. This case is in two counts for partitioning of described land (count 1) and for reformation of a deed to said property (count 2). The petition was filed in the county wherein the land lies, and none of the defendants were residents of that county. The abstract of title attached as an exhibit to the petition shows clearly that the petitioner would have no record title in the land described until and unless the prayer for reformation in count 2 is granted, thus showing that count 1 depends upon the granting of the equitable relief sought in count 2. A plea to the jurisdiction and general and special demurrers were filed by the nonresident defendant against whom substantial relief is prayed, and after a hearing the same were sustained and the petition dismissed. The exception is to this judgment. *Held:*

1. All equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed. *Code Ann.* § 2-4903 (Const. of 1945); *Cooper v. Oglethorpe Savings &c. Co.,* 147 Ga. 570 (3) (94 SE 1006).

2. In an action to reform a deed all parties to said instrument are necessary and proper parties. *Reeves v. Tarnok,* 161 Ga. 838 (131 SE 891); *Hazelrigs v. Butler,* 204 Ga. 98 (1) (48 SE2d 727); *Sowell v. Sowell,* 212 Ga. 351, 356 (92 SE2d 524), and cases cited therein.

3. Where, as here, the other defendants are not interested in the equity features of the case and the action for partitioning depends upon the granting of the equitable relief since the abstract attached thereto shows title at present to be in another and not the petitioner, the court did not err in sustaining the demurrers and plea, and in dismissing the petition, particularly where the grantor in the deed sought to be reformed was not named as a party defendant.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 9, 1962—DECIDED NOVEMBER 8, 1962.

*Carlton Brown,* for plaintiff in error.
*T. T. Molnar,* contra.