21934.   I. PERLIS & SONS v.
NATIONAL SURETY CORPORATION.

ARGUED JANUARY 15, 1963—DECIDED FEBRUARY 7, 1963—
JUDGMENT ADHERED TO ON REHEARING FEBRUARY 25, 1963.

*Robert D. Horne, Roy B. Friedin, Harris, Russell & Watkins,* for plaintiff in error.

*Jones, Sparks, Benton & Cork, Frank C. Jones,* contra.

DUCKWORTH, Chief Justice. All suits in equity shall be filed in the county of the residence of one of the defendants against whom substantial equitable relief is prayed. *Code Ann.* § 2-4903 (Const. of 1945; Ga. L. 1945); *Code* § 3-202. This law has been uniformly construed to mean that in order to join a nonresident in such a suit, substantial equitable relief must be common to him and the resident defendant. This means that regardless of substantial relief sought against the resident defendant and other substantial equitable relief sought against the nonresident, the nonresident can not be joined. *Sayer v. Bennett,* 159 Ga. 369, 370 (125 SE 855); *Fowler v. Southern Airlines,* 192 Ga. 845 (5), 851 (16 SE2d 897); *Grace v. Interstate Bond Co.,* 193 Ga. 810 (20 SE2d 131); *Pearson v. Walker,* 218 Ga. 469 (128 SE2d 328). Thus some of the prayers for substantial equitable relief must be common to both the nonresident and the resident defendant in order to obtain jurisdiction of the nonresident defendant. *Rylee v. Abernathy,* 210 Ga. 673 (82 SE2d 220); *Persons v. Dallas,* 178 Ga. 778, 783 (174 SE 699); *Empire Land Co. v. Stokes,* 212 Ga. 707 (3, 4), 710 (3, 4) (95 SE2d 283).

This court in *Hayes v. Hayes,* 214 Ga. 624 (106 SE2d 790),
stated, we think incorrectly, that the ruling in *Sayer v. Bennett,*
159 Ga. 369 (3), supra, "To give a court of equity jurisdiction
of a non-resident defendant, such substantial relief must be
such as can be jointly enforced against the resident defendant
and the non-resident defendant," was obiter dictum and un-
necessary to a decision. The exception there was to a judgment
sustaining a ground of a demurrer which challenged the juris-
diction, and the ruling was on that exception. Furthermore,
when the court was found to have no jurisdiction, this ended the
case and rendered rulings as to misjoinder obiter dicta. The rul-
ing in the *Hayes* case also treated the ruling in *Rylee v. Aber-
nathy,* 210 Ga. 673 (1), supra, as obiter dictum, that headnote
being: "In order to obtain jurisdiction of a defendant in a dif-
ferent county from that in which he resides, some of the prayers
of the petition must be common to both the nonresident and
the resident defendants." As to this ruling it was said the mis-
joinder would have required a dismissal. This statement over-
looked the fact that we were there deciding an exception to a
ruling striking the plea to the jurisdiction filed by the defendant
Thomas W. Rylee. This want of jurisdiction once established,
any ruling on the merits of the pleadings as to multifariousness
would have been obiter dictum. We believe this demonstration
of the incorrectness of apparent criticism of the two cases should
be made to remove doubts as to their soundness caused by the
reference thereto in *Hayes v. Hayes,* 214 Ga. 624, supra. We
again assert that an indispensable prerequisite to joining a non-
resident in an equity suit is a prayer for substantial equitable
relief which is common to the resident and nonresident defend-
ants. Unless the two can be thus connected, they are independ-
ent and separate suits which must, under the Constitution (*Code
Ann.* § 2-4903; Const. of 1945; Ga. L. 1945) and statute (*Code*
§ 3-202), be brought against each defendant in the county of
his residence.

A mere glance at the allegations and prayers of this petition
reveals that the entire relief sought against the resident defend-
ant is strictly as to matters between the petitioner and that
defendant. This nonresident owner cares not which of them does

the things that the plaintiff seeks to compel the resident defendant to do. The petitioner makes no claim against the owner, and seeks only to compel it to litigate its claim against Hutchinson for damages and pay into court all sums over and above these damages due on the contract. When the surety performs its duties by completing the building and paying for labor and materials, it can then sue the owner in Crisp County where it resides for any unpaid balance. In that suit, the owner could set off any claim it has for damages, and a judgment thereon would finally conclude the entire matter, save a settlement between the surety and its principal. There is neither law to authorize nor an actual need for making the nonresident partnership a party to this suit in Bibb County. The bond does not require the surety to perform after it prosecutes litigation against its principal to compel him to perform, but rather its duty to perform arises instantly upon the failure of the principal to perform. The surety seeks to impose upon the owner the expense of litigation in order that it might avoid doing its duty, although in doing so the owner is denied the protection which the bonds guarantee.

The essential requisites to subjecting this nonresident to the jurisdiction being lacking, the plea was valid, and it was error to overrule the same. This ruling renders it unnecessary to rule upon the demurrers since all further proceedings become nugatory.

*Judgment reversed. All the Justices concur.*

### On Rehearing.

The motion asserts that the construction contract is the nexus common to all the parties and that since the defendant contractor, Hutchinson, had in his answer denied execution thereof, all the parties were interested therein. We can not accept this reasoning for the reason that the petitioner does not remotely seek even by its amendment—which recites what Hutchinson had pleaded—to question the validity of the contract or seek a judgment thereon. We considered this matter before rendering judgment. On rehearing we adhere to our original opinion and judgment.