23575. GIBSON et al. v. HODGES.

SUBMITTED JULY 11, 1966—DECIDED SEPTEMBER 8, 1966.

*Ballard & Thigpen, W. D. Ballard, Troy R. Thigpen, Jr.,* for appellants.

*Greeley Ellis,* for appellee.

GRICE, Justice. This appeal is from the denial of motions to set aside a verdict and judgment decreeing specific performance of an oral agreement to sell land and cancellation of a deed as to the same property.

Eugene Hodges sought this relief against O. H. Gibson and W. T. Greer, Jr., in the Superior Court of Newton County. His petition alleged an agreement of sale between the plaintiff and the defendant Gibson, a resident of Richmond County, and the subsequent execution of a deed to such land by Gibson to the defendant Greer, a resident of Newton County.

The motions to set aside, filed separately by Gibson and Greer, averred that Gibson had filed a plea to the jurisdiction which was not ruled upon and that both Gibson and Greer had interposed general demurrers which were overruled. These motions raised two basic questions, whether the Superior Court of Newton County had jurisdiction of Gibson and of the subject matter.

Under our view of the case full statements of the contents of the petition and the motions above referred to are not necessary.

1. As to the contentions that the petition showed that no cause of action existed, the appellants cannot now assert such. Their general demurrers to the petition filed by Hodges having been overruled, without exception, they became the law of the case, and the contentions now made cannot be considered. See collection of cases in West's Ga. Digest, Courts, § 99 (2) c.

2. As to jurisdiction, the basis of each of their motions is as follows: Gibson maintains that, under the constitutional requirement that equity cases be brought in the county of the defendant against whom substantial relief is sought, the Superior Court of Newton County did not have jurisdiction of him, a nonresident, since the main relief sought was specific performance against him. Greer asserts that, since the main relief sought was against Gibson, a nonresident, the court did not have jurisdiction of Gibson and therefore was without jurisdiction of the subject matter of the ancillary relief of cancellation sought against Greer. Both maintain that the relief sought against Gibson was not substantial or common to both defendants so as to confer jurisdiction on the Superior Court of Newton County.

Our conclusion is that the trial court had jurisdiction and that the contentions to the contrary in the motions are not meritorious.

We regard as applicable and decisive the ruling of this court in *Bird v. Trapnell*, 147 Ga. 50 (92 SE 872). There, every basic fact of the instant case was present: the suit sought specific performance and cancellation and was brought in the county of the defendant against whom cancellation was sought, and the defendant against whom specific performance was sought was a nonresident. This court stated that the relief sought was substantial and held that venue was properly laid, citing what is now Art. VI, Sec. XIV, Par. III of the State Constitution (*Code Ann.* § 2-4903), and earlier decisions. See also, *Turman v. Smarr*, 145 Ga. 312 (89 SE 214).

The decision in *I. Perlis & Sons v. National Surety Corp.*, 218 Ga. 667 (129 SE2d 915), relied upon by appellants, does not sustain their contentions. There, neither specific performance nor cancellation was involved. The basis for decision was that there was no prayer for substantial relief which was common

to the resident and nonresident defendants. In the case at bar there was such a prayer, cancellation of the deed from Gibson to Greer.

For the reasons hereinabove stated, the motions to set aside the verdict and judgment were properly denied.

*Judgment affirmed. All the Justices concur.*